## YATES *v.* PELTON AND GREGG.

*Justice of the Peace.    Trover.    Practice.*

A justice of the peace has the same right to the custody of papers and exhibits filed as evidence in a case on trial before him, that any other court of record has. He can retain them as long as they are necessary for his consideration in determining the issues upon which they are evidence. When that end is accomplished, the full purpose for which they were introduced, and for which the party introducing them surrendered them into the custody of the court, has been accomplished; and thereafter the court has no more right to retain them from the owner, than any bailee would have after the bailment is terminated by its own limitation. Thus, when receipts and the leaf of an account book were used in evidence before a justice on the question of payment, the justice was held liable in trover for not delivering them on demand made after the rendition of final judgment in the case.

When the evidence is not stated in the exceptions, the Supreme Court will not look into the record, to see if error has intervened upon a point not excepted to; but when the facts are before the court as upon the report of an auditor or referee, then will it look into the whole record, and, if error has intervened upon a point excepted to, render such a judgment as the court below ought to have rendered.

TROVER for eight receipts and a leaf of an account book. Trial by jury, and verdict for plaintiff, September Term, 1875, ROYCE, J., presiding.

The plaintiff introduced evidence tending to show that said receipts and leaf were used on the trial of a cause before defendant Gregg as a justice of the peace, on August 24, 1874, in which Thomas Shannon was plaintiff and this plaintiff was defendant, as evidence to prove that the claim in that suit had been paid ; that said Gregg took the papers for advisement, to render judgment at some future time on notice ; that this plaintiff's attorney called at defendant Pelton's office, where the papers and other files in the suit had been deposited by Gregg, and demanded the receipts and leaf, which were not delivered by defendants, who absolutely refused to deliver them.

The defendants introduced evidence tending to show, that the receipts and leaf were used as evidence in said suit, and that Gregg took the papers into his possession, and delayed his judgment for advice; that costs on both sides were taxed, so that judgment could be rendered either way, with the understanding that he should render judgment as of that day, without further notice to either party ; that prior to the time plaintiff's attorney called for the papers as aforesaid, the justice had entered judgment for the plaintiff Shannon, and issued execution, but no record had been made except the minutes on the writ ;that when Yates's attorney called for the papers, they had been mislaid ; that defendants insisted at the time, that said receipts and leaf belonged to the files of said justice, but made no objection to plaintiffs having them when found, and that, as they understood at the time, plaintiff's attorney waived the delivery for the time being, but soon after brought this suit.

The defendants requested the court to charge, that it was the duty of a justice of the peace to keep all exhibits filed as evidence in a suit on trial before him, both in support of the claim and in defence of the action, to show the claim paid or in offset, as a part of the files and records ; and that no person had a right to take them from the justice after he had rendered his judgment, until the judgment was in some manner vacated.

The court declined to charge as requested, but charged that the receipts and leaf being the property of the plaintiff, he was entitled to the possession of them, and could recover for their conversion

by the defendants. To the refusal to charge as requested, defendants excepted.

*L. E. Pelton,* for the defendants.

A justice's court being a court in which no regular pleadings are required, no docket minutes are kept, no clerk is present, and a full record seldom made, and in which the whole proceedings are, as it were, by parol, it becomes absolutely necessary that all proper exhibits which show what has been tried and decided, should be preserved; otherwise, a judgment of the court, which the law deems absolute verity, would be more uncertain than most of the ordinary transactions of mankind. A judgment by confessing, in which a specification is required to be filed, would receive little explanation from it, if plaintiff could withdraw the specification as soon as the judgment was rendered.

The justice, at least, has a right to the custody of all the exhibits used on a trial before him, until he has made up a final record of the case in such a manner as to protect the rights of all the parties. Gen. Sts. 280, s. 27; *Strong* v. *Bradley,* 13 Vt. 9; *Nye* v. *Killum,* 18 Vt. 594; *Wright* v. *Fletcher,* 12 Vt. 431; *Ellsworth* v. *Larned,* 21 Vt. 525; *Hull* v. *Crossman,* 27 Vt 297. A plea of former recovery before a justice, could never be sustained, if each party were allowed to withdraw their exhibits as soon as a judgment was rendered, and before any record was made. Defendant Gregg cannot be liable. Hilliard, 318, 319.

The court is bound to charge correctly on the evidence introduced, and should have charged that only nominal damages could be recovered.

*C. G. Austin* and *C. A. Fitch,* for the plaintiff.

This case does not come under the provisions of s. 67, c. 31, Gen. Sts. That applies only to appealed cases. This case shows that judgment had been rendered in the case, and execution issued. The only point in the charge claimed as error, was the refusal to charge that it was the duty of a justice to keep all the exhibits filed as evidence in a suit on trial before him, both in support of the claim and in defence of the action, to show the

claim paid, or in offset to it, as a part of the record or files in the suit, and that no person had a right to take them from him after he had rendered judgment, until the judgment is in some manner vacated. The receipts and leaf of account book were no part of the justice's records or files. 16 Vt. 697. *Keeler* v. *Fassett*, 21 Vt. 539.

· The opinion of the court was delivered by

Ross, J. We think the defendants were not entitled to have the jury charged as requested. To have been entitled to such a charge, the propositions embodied in the request must have been sound law, and applicable to the facts which the evidence tended to establish. A justice of the peace has the same right to the custody of papers or exhibits filed as evidence in a case on trial before him, that any other court of record has. He can retain them so long as they are necessary for his consideration in determining the issues upon which they are evidence. When this end has been accomplished, the full purpose for which they were introduced, and for which the party introducing them surrendered them into the custody of the court, has terminated. The court, thereafter, has no more right to retain the custody of such papers against the owner, than any bailee has after the bailment has terminated by its own limitations. The papers containing the pleadings and specifications of claims on trial, are impliedly surrendered to the custody of the court permanently, as they are necessary to enable the court to make up a record of the case correctly. After the record is made, they are still necessary as vouchers for the correctness of the record, and for use in making exemplifications of the record. It is not the duty of the court to record the evidence introduced. That is to be considered and weighed in determining the issues, and when the decision of these is made, and judgment rendered, the court has no legal right to retain papers which have been introduced and used simply as evidence. The right of the court to hold the custody of papers necessary to be used in making up the record of a case, is not dependent upon whether the judgment remains in force or has been vacated, but upon the implied understanding arising from the object and pur-

pose for which the party delivered them into the custody of the court. The same is true in regard to papers delivered to the court as evidence merely when sitting as the trier of issues of fact. This is the only question arising on the exceptions as allowed by the County Court.

The defendants have urged that there must have been errror in the rule of damages laid down by the court; that this is manifest from what is stated in regard to the nature of the evidence and case, and from the amount recovered by the plaintiff, and that this court, sitting as a court of error, should be satisfied of this claim on looking into the whole record, and for that reason reverse the judgment of the court below. We know of no rule of law or practice which gives any countenance to any such doctrine. It would be most manifestly wrong for this court to reverse a judgment upon any such grounds. Exceptions are drawn up so as to disclose so much of the case tried as will enable this court to see whether error has entered into the proceedings in the court below in the particulars claimed and noted on the trial. It might appear to this court from the facts stated in the exceptions, that the damages recovered in this case are excessive. But as no point was taken in the County Court on the question of damages, that court may not have certified the tendency of the evidence in that particular. We should not expect it would do so. If it had, this court might regard the damages as grossly inadequate by reason of being too small. If the whole facts were before this court, as found by an auditor or referee, there might be some fairness in making such a claim. In the latter case, this court does not disturb the judgment of the County Court, unless it finds error has there intervened, and been excepted to; in which case, it will look into the whole record, and render such a judgment as the County Court should have rendered. The only exception to to this rule of which we are aware, is in cases where it is manifest that the County Court had no jurisdiction, and that the whole proceedings have been *coram non judice.*

Judgment affirmed.