STATE EX REL. MARIE NIESSEN AND ANOTHER v. DISTRICT COURT OF RAMSEY COUNTY AND ANOTHER.[1]

May 2, 1919.

No. 21,268.

**Workman's Compensation Act — findings of fact reviewable on certiorari.**

1. The findings of fact made by the trial court in proceedings under the Workman's Compensation Act, are not conclusive, but will be re-

[1]Reported in 172 N. W. 133.

viewed on certiorari to the extent of determining whether they are supported by sufficient competent evidence.

**Workmen's Compensation Act — scope of review — when a question of law.**

2. The question presented on such review is one of law, and in the decision thereof the court will be guided by the general rule that a question of law arises on the evidence, where an impartial consideration thereof, together with permissible inferences from facts shown, will lead reasonable minds to but one conclusion.

**Same — same — when a question of fact.**

3. If reasonable minds may reach different conclusions, the question of the sufficiency of the evidence becomes one of fact, and the findings of the trial court thereon will be sustained.

**Same — decedent not engaged in the course of his employment.**

4. Findings of the trial court that decedent met his death when not engaged in the course of his employment, and at a time when he was engaged in furthering personal interests, *held*, applying the rule stated, sustained by the evidence.

Upon the relation of Marie Niessen the supreme court granted its writ of certiorari directed to the district court for Ramsey county and the Honorable James C. Michael, one of the judges thereof, to review proceedings in that court brought under the Workman's Compensation Act by the relator, mother of Harold J. Niessen, as employee, against the members of the firm of R. H. Merriam & Company, as employer. Affirmed.

*E. A. Waters,* for relator.

*F. M. Catlin,* for respondents.

BROWN, C. J..

Certiorari to review a judgment of the district court of Ramsey county denying relief in proceedings under the Workman's Compensation Act.

It appears from the record that for some time prior to his death Harold J. Niessen was in the employ of R. H. Merriam & Company, a copartnership doing business in the city of St. Paul, as a traveling salesman at a fixed compensation per month. He was assigned to a particular territory which he covered sometimes by train and sometimes

by automobile. He owned an automobile, and when he used it in his employment the company allowed him $25 per week for the expense of operation. At about 8 o'clock p. m. on May 28, 1918, near the village of Killkenny, while traveling with his automobile from Waterville to St. Paul, his place of residence, he met with an accident and was killed by the overturning of the machine; the cause of the accident does not appear. He left surviving as partial dependents his mother, a sister and brother, in whose behalf the mother brought this proceeding under the Workman's Compensation Act. The trial court rejected the claim for compensation and as a basis for that conclusion found as facts that:

"On May 27 and 28, 1918, deceased was engaged regularly in the line of his employment, up to the time he completed his work at Waterville in the afternoon of May 28, 1918, whereupon the deceased in the evening of May 28 departed from Waterville to return to St. Paul by way of Montgomery in violation of instructions of his employers and upon an errand wholly personal to himself, and in so doing met with said accident which resulted in his death. That at the time and place of said accident the deceased was not in the course of his said employment or in the line of his duties as an employee of the defendants, and his said accident and death did not arise out of or in the course of his said employment."

The only question presented to this court is whether the findings embraced within the quotation are sustained by the evidence. The question must be answered and disposed of as a question of law, and not of fact or mixed law and fact, for, as urged by counsel for respondent, review in this court in such proceedings is so limited by the express terms of the compensation act. Section 8225, G. S. 1913. A similar limitation is found in the compensation acts of other states and the rule stated is generally applied, though some of the courts hold that the findings of the trial court, or of the industrial commission which administers the law in some jurisdictions, are conclusive upon all questions of fact. 1 Honold, Workman's Compensation, § 242, where a collection of the authorities may be found. See also L.R.A. 1916A, at page 266.

The findings are not regarded as conclusive in this state, for we here review them for the purpose of determining whether they are supported

by sufficient competent evidence. In this we apply the rule that a question of law arises on the evidence in a particular case, where an impartial consideration thereof, together with all reasonable and fair inferences, will lead reasonable minds to but one conclusion. That is a well established rule, and one of general application by the courts. 3 Dunnell, Minn. Dig. § 9707; 38 Cyc. 1514, et seq. If reasonable minds may reach different conclusions the question becomes one of fact, and, where that situation is presented in a compensation case, the findings must be sustained. We have not heretofore enlarged upon the particular point in compensation cases where the evidence has been challenged as insufficient to sustain the findings of the trial court, but expressions in former opinions, in whatever language couched, were not intended as laying down a broader scope of inquiry by this court. State v. District Court of Meeker County, 128 Minn. 221, 150 N. W. 623; State v. District Court of St. Louis County, 129 Minn. 423, 152 N. W. 838; State v. District Court of Pennington County, 132 Minn. 251, 156 N. W. 278; State v. District Court of Ramsey County, 132 Minn. 249, 156 N. W. 120; State v. District Court of Blue Earth County, 133 Minn. 439, 158 N. W. 700. The statement found in State v. District Court of St. Louis County, 137 Minn. 435, 163 N. W. 755, L.R.A. 1917F, 1094, to the effect that, to justify setting the findings aside, it must appear that they are manifestly against the preponderance of the evidence, was an inaccurate expression of the rule guiding the court in such cases, for to weigh the evidence and declare the preponderance thereof, is to determine a question of fact, and not a question of law. 28 Cyc. 1516. With this statement we pass this feature of the case and come to the question whether, within the rule stated, there is any evidence reasonably tending to support the findings in this case.

The territory covered by Niessen in his employment was in southern Minnesota, and comprised certain towns specially designated by the employer. The evidence tends to show that he had no roving commission to go out and seek business for the company, but was required to make such towns only as were assigned to him from week to week. His itinerary or schedule of towns for the week in which he met his death took him from St. Paul to Shakopee, thence to Carver, Belle Plaine, St. Peter, Kasota, Waterville, Waseca, Morristown and Farmington. He

had made most all those towns and had reached Waterville on the day of his death; the remaining towns of his schedule being Waseca, Morristown and Farmington. The evidence further tends to show that at Waterville, late in the afternoon of the twenty-eighth of May, the day of his death, he concluded to return to St. Paul by way of Montgomery, LeSueur Center and New Prague for the Memorial exercises to take place on the thirtieth, going out the next day, Friday, to make the remaining towns of Waseca, Morristown and Farmington. The route selected for the return took him directly away from those towns, and through and into towns he was not required to make, and so far as appears in which the company had no fixed trade, at least deceased was not required to make them in his rounds. It was after starting out for the return trip to St. Paul, leaving the towns named unattended to, that he met his accidental death.

There was no direct controversy in the evidence, though some thereof is challenged by counsel for relator as untrue. But the truthfulness of the witness is not for this court, but solely for the trial judge. The only question, therefore, is whether the findings of the court to the effect that deceased met his death after he had departed from the course of his employment on an errand personal to himself, are not sustained by the evidence as a matter of law. A careful consideration of the record leads to the conclusion that the findings must be sustained. Whether our conclusion would concur with that of the trial court were the question before us as one of fact, to be determined by a consideration of all the evidence, together with the situation of the parties and the character of the employment and permissible inferences to be drawn from the evidence, we do not stop to consider, though it may be remarked that in the light of some of our decisions the question is not entirely free from doubt. State v. District Court of St. Louis County, 129 Minn. 176, 151 N. W. 912. But considered from the viewpoint of the legal sufficiency of the evidence a different question is presented upon which we can reach no conclusion other than that stated. State v. District Court of Hennepin County, 138 Minn. 326, 164 N. W. 1012, L.R.A. 1918F, 881.

Judgment affirmed.