STATE EX REL. CARL BERQUIST v. DISTRICT COURT OF BELTRAMI COUNTY AND ANOTHER.[1]

February 6, 1920.

No. 21,728.

**Workmen's Compensation Act — review of findings on appeal — contract of employment.**

1. Under the rule adopted in State v. District Court of Ramsey County,

[1] Reported in 176 N. W. 165.

142 Minn. 335, unless the evidence in a proceeding under the Workmen's Compensation Act is such that, upon a consideration of it, together with all reasonable and fair inferences, it will lead reasonable minds to but one conclusion, a question of fact arises and the findings of the trial court must be sustained. Applying this rule to the evidence in this case, it is *held* to justify a finding that the relationship of employer and employee did not exist between relator and defendant.

**Admission of evidence.**
    2. There was no error in the rulings upon the admission of evidence.

Upon the relation of Charles Berquist the supreme court granted its writ of certiorari directed to the district court of Beltrami county and the Honorable B. F. Wright, one of the judges thereof, to review proceedings in that court brought under the Workmen's Compensation Act by relator, employee, against John W. Wilcox, employer. Affirmed.

*Charles W. Scrutchin,* for relator.
*E. E. McDonald,* for respondent.

LEES, C.

Certiorari to review a judgment of the district court disallowing a claim made by the relator under the Workmen's Compensation Act. The findings were that one Wilcox entered into a written contract with one Johnson, whereby the latter undertook to make certain repairs on a building owned by the former; that Johnson employed relator as a carpenter to work on the building, and that while so employed he sustained an accidental injury to one of his eyes; that at the time of the injury he was not in the employ of Wilcox, and that the relationship of employer and employee did not exist between them.

The principal question presented is whether the findings are sustained by the evidence. As was pointed out in State v. District Court of Ramsey County, 142 Minn. 335, 172 N. W. 133, a question of law arises on the evidence introduced in a proceeding under the Workmen's Compensation Act only where an impartial consideration thereof, together with all reasonable and fair inferences, will lead reasonable minds to but one conclusion. If reasonable minds may reach different conclusions, the question becomes one of fact, and the findings must be sustained, for the reason that when reviewed in this court the sufficiency of the evidence to

support them must be treated as a question of law under the express terms of the act. Section 8225, G. S. 1913.

It would serve no useful purpose to state the evidence here. It has been carefully considered and we are clearly of the opinion that it supports the findings.

Even though relator had been employed by Wilcox, it is not made certain by the record before us that such employment would have been in the usual course of the latter's trade, business, profession or occupation, so that the case would fall within the provisions of the compensation act as construed in State v. District Court of Douglas County, 138 Minn. 103, 164 N. W. 366, and in State v. Nelson, supra, page 123.

The trial court did not err in sustaining an objection to the following question put to relator: "Did Tom Johnson tell you when he was going to enter the service?" referring to Johnson's entry into the military service of the United States during the war with Germany. The contention that, if the question had been answered in the affirmative, it would have demonstrated the impossibility of Johnson being relator's employer at the time of the injury, cannot be sustained.

There was no error in the admission of Wilcox's ledger account with Johnson in connection with the written contract between them, which expressly provided that Wilcox should pay the workmen their weekly wages. The fact that he paid relator his wages and charged the amount to Johnson tended to establish Wilcox's contention that he was not relator's employer.

The judgment is affirmed.