## STATE EX REL. LIZZIE KILE v. DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

### May 28, 1920.

### No. 21,775.

**Workmen's Compensation Act — questions of law reviewable on appeal.**
 1. Only questions of law are reviewable by this court in cases arising under the Workmen's Compensation Act.

**Whether finding of fact is sustained by evidence, may become a question of law.**
 2. Whether the evidence sustains a finding of fact does not become a question of law, unless all reasonable and impartial minds would reach only one conclusion.

**Finding sustained — relator living voluntarily apart from husband.**
 3. The finding that the relator was voluntarily living apart from her husband must stand, as reasonable minds might reach different conclusions in respect to the fact.

[1] Reported in 177 N. W. 934.

**Dependency of relator.**

　　4. The fact that she was voluntarily living apart from her husband removed the presumption of dependency, and the evidence shows no actual dependency within the meaning of the statute.

Upon the relation of Lizzie Kile the supreme court granted its writ of certiorari directed to the district court for Hennepin county and the Honorable J. W. Molyneaux, judge thereof, to review the proceedings in that court in an action brought under the Workmen's Compensation Act by the parents of Oscar F. Kile, employee, against the Royal Indemnity Company. Affirmed.

*Trafford N. Jayne,* for relator.

*Charles S. Allbright,* for George M. and Laura E. Kile.

*Kinman, Cross & Cant,* for Royal Indemnity Company.

Taylor, C.

Oscar F. Kile, while at work as a laborer in the city of Minneapolis, on July 3, 1919, sustained injuries which resulted in his death. His parents, with whom he had resided, filed a complaint in the district court of Hennepin county, setting forth that they were dependent upon him for support and were persons entitled to compensation under the Workmen's Compensation Law. His widow filed a complaint in intervention asserting that she was the person entitled to compensation under the law. The obligation to pay compensation was conceded and the only controversy was whether it was payable to the parents or to the widow. The trial court found as a fact that the widow had voluntarily left her husband and had voluntarily lived apart from him for more than a year immediately preceding his injury and death, and rendered judgment awarding compensation to the parents. The widow brings the matter before this court by writ of certiorari, and contends that the evidence does not justify the finding that she was voluntarily living apart from her husband.

Only questions of law may be reviewed by this court in cases arising under the compensation statute. G. S. 1913, § 8225; State ex rel. Niessen v. District Court of Ramsey County, 142 Minn. 335, 172 N. W. 133. The question of whether the evidence sustains the findings becomes a question of law

"Only where an impartial consideration thereof, together with all reasonable and fair inferences, will lead reasonable minds to but one conclusion. If reasonable minds may reach different conclusions, the question becomes one of fact and the findings must be sustained." State ex rel. Berquist v. District Court of Beltrami County, 144 Minn. 127, 176 N. W. 165; State ex rel. Niessen v. District Court of Ramsey County, 142 Minn. 335, 172 N. W. 133.

In view of the findings the question for determination is whether there is any evidence from which a reasonable mind could reach the conclusion that she was voluntarily living apart from her husband. She had lived in illicit relations with one Alfred Malm in the city of Minneapolis for several years. In the early part of 1918, she went from Minneapolis to Kansas City, Missouri, with Oscar Kile where they lived together as husband and wife for some three months before they were married. They were married on May 7, 1918, and about three weeks later she returned to Minneapolis. There is evidence from which the court could find that she went to Minneapolis for the purpose of procuring a loan on some property she owned there, and with the understanding that she would return to her husband at Kansas City with this money, and that they would then go to Oklahoma. She sold her property, but, instead of returning to her husband, she went to Wisconsin where she lived with relatives until April, 1919, when she returned to Minneapolis. A few letters passed between them shortly after she left Kansas City, the most important of which was a letter from her written June 16, 1918, to the effect that she could not live with him again unless he changed his ways. She testified that he was a heavy drinker and intimated that he indulged in gambling, but insisted that she did not leave him and return to Minneapolis on account of his habits, but because she was sick and needed rest. He returned to Minneapolis and was employed in that city in the summer of 1919, but the date of his return is not given. She knew of his return and that he was living with his parents, but so far as appears neither communicated with the other after the summer of 1918.

We are unable to say that from an impartial consideration of the evidence reasonable minds could not reach the conclusion that she was

voluntarily living apart from her husband and the finding must stand.

The fact that she was voluntarily living apart from her husband simply removes the presumption of dependency created by subdivision (1) of section 8208 of the General Statutes of 1913 as amended, but the evidence shows that there was no actual dependency as defined by subdivision (3) or subdivision (3a) of the same section.

Judgment affirmed.