STATE EX REL. GEORGE D. TAYLOR & SONS COMPANY AND
ANOTHER v. DISTRICT COURT OF RAMSEY COUNTY
AND ANOTHER.[1]

October 8, 1920.

No. 21,953.

**Workmen's Compensation Act — apoplectic stroke following accident — findings sustained.**

Findings of the trial court in an action under the Workmen's Compensation Act, *held* sustained by sufficient competent evidence.

Upon the relation of George D. Taylor & Sons Company, the supreme court granted its writ of certiorari directed to the district court for Ramsey county and the Honorable Charles C. Haupt, one of the judges thereof, to review the judgment of that court in proceedings under the Workmen's Compensation Act brought by Rose Norton, widow of George E. Norton, employee, against George D. Taylor & Sons Company, employer, and the Southern Surety Company, insurer. Affirmed.

*Russell P. Fischer,* for relators.

*Clifford L. Hilton,* Attorney General, and *K. G. McManigal,* for respondents.

BROWN, C. J.

Certiorari in review of a judgment rendered in proceedings under the Workmen's Compensation Statute. The facts are as follows:

Defendant is a manufacturer and dealer in woodenware articles of trade, and owns and operates in its factory department a machine for sawing and shaping boards and like material for use therein. Plaintiff's intestate, who was her husband, was in defendant's employ, and at the time of the accident complained of was engaged in operating one of those

[1] Reported in 179 N. W. 217.

machines; that being the work assigned to him by defendant. In some way his right hand came in contact with the saw while in motion, cutting off three fingers near the knuckle, and the fourth or little finger between the knuckle and phalange joints. The accident occurred on the seventh day of August, 1918, and he died on the thirteenth day of October following; the immediate cause of death being the third of a series of apoplectic strokes occurring at intervals following the injury to the hand. On the theory and claim that the injury and shock therefrom superinduced and brought on the apoplectic condition of decedent, therefore the proximate cause of his death, this action was commenced to recover the amount provided for by the Workmen's Compensation Statute. The trial court found the facts in harmony with plaintiff's claim and ordered judgment accordingly.

The only question presented is whether the evidence, within the rule guiding this court in such cases, is sufficient to support the findings of the trial court. Though the evidence does not leave the question entirely free from doubt, a careful consideration thereof leads to an affirmative answer; therefrom reasonable minds may reach different conclusions, thus making the question one of fact for the trial court. State ex rel. Niessen v. District Court of Ramsey County, 142 Minn. 335, 172 N. W. 133. Decedent was 61 years of age at the time of his injury. Immediately following the accident he was taken to the hospital, where he was given an anaesthetic, followed by proper surgical treatment. He remained at the hospital six days, and while there and some two days after the injury suffered a slight apoplectic stroke; his left side being affected, with paralysis of the face and loss of power of speech. He recovered from the shock, and when he left the hospital was apparently in his normal condition, barring the injury to the hand. He suffered another and more severe stroke on the thirteenth of August, from which he made only a partial recovery, and a third stroke on October 10, 1918, resulted in his death three days later. The medical testimony tends to show that the injury was a severe nervous shock to decedent's system, reducing the power of resistance of the tissues of the body, bringing on or causing an embolismic condition, which in turn caused the apoplectic strokes, the third of which resulted in the death of decedent. The credibility of this evidence was for the trial court. It was competent and was accepted by

that court and the decision below based thereon. We find from the record no sufficient reason for disapproval of that conclusion.

Judgment affirmed.