## ANNA McCLEAN AND OTHERS v. DAN MEYER,[1]

### March 18, 1921.

### No. 22,080.

**Cancelation of deed for fraud.**

Action to set aside two quitclaim deeds upon the ground that they were procured by fraud. Record considered and *held* that the findings are not clearly and manifestly against the evidence, and they are therefore sustained. We have considered the other assignments and find no reversible error.

Action in the district court for Stevens county to set aside two quitclaim deeds. The case was tried before Flaherty, J., who made findings and ordered judgment in favor of plaintiffs. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*S. H. Crammer,* for appellant.

*W. E. Purcell, H. G. Wyvell* and *W. H. Cherry,* for respondents.

QUINN, J.

Thomas W. McClean was the owner of the land described in the complaint, consisting of 160 acres, subject to a first mortgage for $2,500, and a second mortgage for $750, and accrued interest to the amount of $273.53. On December 18, 1906, McClean, his wife joining, executed a deed of conveyance thereof to one Mathias Johnson. This deed contained a condition that. if the consideration of $273.53 therein expressed be paid to the grantee, his heirs or assigns, within one year, then the conveyance to be of no effect. On May 2, 1911, McClean met with sudden death, leaving him surviving his wife, the plaintiff Anna McClean, and

[1]Reported in 181 N. W. 917.

eight minor children. His estate was never probated. In August, 1916, appellant went to Aberdeen, South Dakota, the home of such heirs, and there entered into the contract, Exhibit A herein set forth, and also procured quitclaim deeds conveying to him their interest in such real estate. The contract provides as follows:

"This agreement entered into this 2nd day of August, 1916, as follows: Whereas Annie McClean, widow of Thomas McClean, Rose Daly and her husband, Walter Daly, Elizabeth McClean, and Anna McClean, having this day executed a quitclaim deed to the southwest quarter of section 18, in township 123, north of range 43, Stevens county, Minnesota, to Dan Meyer, which deed by reference thereto is made a part of this agreement, and the consideration therein expressed has referenec to the consideration herein, to-wit, that such interest as is quitclaimed in said deed, is done for the purpose of beginning an action to determine what interest the grantors may have in said premises, basing it upon the right of redemption of a deed recorded in Book 10 page 73 in the office of the recorder in Stevens county, Minnesota. That all the expense in bringing said action shall be borne by Dan Meyer, and all expense of every nature in probating the estate of Thomas W. McClean, deceased, so as to administer the estate and to secure in addition to the above named parties their interest, to also secure for the minor heirs, Edward, Ella, John, Earl and Hope McClean, such interest as each are entitled to under the laws of the State of Minnesota.

"Now, in consideration of this agreement to do all in the power of Dan Meyer to secure all the money he can for said parties and heirs, the said Dan Meyer agrees to file said deeds. begin said action if necessary and to secure from all parties interested a settlement without lawsuit if possible, but if not to begin suit to recover such interest and carry it to the supreme court if defeated in the lower court, and to leave nothing undone toward a careful, conscientious outcome of said action. But if the same is settled either before or after action is begun the amount of such offer and settlement shall first be submitted to all parties to the agreement, and they shall all agree to accept said proposed settlement, so that Dan Meyer alone cannot fix the amount of his own accord, but that it shall be first agreed that he may so settle.

"When such sum is received, either by action or settlement, the ex-

pense which has lawfully been expended by Dan Meyer shall be deducted from that sum, and the remainder shall be divided equally, that is, Dan Meyer is to receive the one-half of the remainder for his compensation, and the remaining one-half to go to the parties hereto, the widow receiving the one-third and the children as provided by law the remainder.

"In consideration of the foregoing the said Dan Meyer accepts the trust herein given and agrees to do all said things, and the undersigned hereby appoint him for to do and act and account for such acts as above outlined for them.

"Signed this 2nd day of August, 1916, at Columbia Twp. Brown County, So. Dak.

Annie McClean.

"For herself and as the natural guardian for the minor heirs named herein.

Rose Daly.<br>
Elizabeth McClean.<br>
Anna McClean.<br>
Dan Meyer."

This action was brought to set aside such quitclaim deeds upon the ground that they were procured by fraud. The trial court made findings and ordered judgment in favor of the plaintiffs. From a judgment entered thereon defendant appeals.

It is urged that the court erred in granting a continuance of the trial after it was begun without a showing therefor, and that the proofs are not sufficient to support the findings and judgment. We do not concur in this contention. The court had full control of the calendar and it had under the circumstances full authority to adjourn the session, and was clearly within its discretion in continuing the trial.

The trial court found, in effect, as follows: That the defendant resided near the land in question and that the plaintiff Annie McClean and her children referred to in the pleadings, resided at or near Aberdeen, South Dakota, more than 150 miles from the land in question; that on August 2, 1916, the defendant went to the home of the plaintiffs, and falsely and fraudulently stated and represented to plaintiffs and the minor children referred to in the pleadings, that they were without any right, title or interest in or to said real estate; that by secret means and methods known

only to him he might be able to commence an action in the courts of Minnesota and secure from them certain rights in and to said real estate; that because of said secret means and methods known only to him he would undoubtedly be successful in such action and would thereby establish some interest and right in and to said real estate for them; that he did not disclose what right or interest he would be able to so establish; that no other person was in possession of such facts necessary to establish such rights or to secure an interest in said real estate for them; that, but for his intervention and interest in their behalf, plaintiffs would not secure any of the benefits which might accrue to them should they place the matter in his hands; that their interest in said real estate was very small; that said land had been offered for sale at a very nominal cost, but that no purchaser could be found therefor, and that, if plaintiffs would, by quitclaim deed, convey their interest in said lands to the defendant, he would be able to establish for them a large interest therein and secure for them a large sum of money, to-wit, $1,200; that defendant concealed from plaintiffs and said minors their true title to said lands and their interest therein and the condition and situation of their right to the same. The court further found that the defendant was experienced as a conveyancer and familiar with the laws of Minnesota in relation to land titles and the laws of descent; that he had looked up the records for the purpose of ascertaining the condition and status of plaintiffs in and to said land, and was familiar with and understood plaintiffs' interest therein; that they were the sole and only holders in fee thereof, and that the defendant, by means of said false and fraudulent representations and promises, induced plaintiffs to execute and deliver to him as grantee their quitclaim deeds dated on August 2, 1916, conveying to him their interest and title in and to said land; that at said time and as a part of the same transaction the defendant procured from plaintiffs, as the result of said false and fraudulent representations and promises, the agreement Exhibit A; that at said time the said land was of the reasonable worth and value of $9,600; that plaintiffs were poor, illiterate and without any business ability or education whatsoever and that said plaintiff Annie McClean was hardly able to read or write, and none of plaintiffs were able to read or understand said contract or deeds or understand the nature of said agreement, but in signing the same relied

wholly upon the representations and statements of the defendant, and that none of said plaintiffs would have signed said deeds or agreement, but for such false and fraudulent representations of defendant, and because of their ignorance of the facts in relation thereto.

Our examination of the evidence, only a scant portion of which is printed in the record, leads to the conclusion that the findings of the trial court, as above recited, are not clearly and manifestly against the evidence, and they are therefore sustained. It will serve no useful purpose to discuss the evidence in detail. It presents the usual case of misrepresentations to induce and bring about the contract. It is sufficient to say that we have read and considered it with the result stated. This we have done, notwithstanding the flagrant failure of appellant to comply with rule 8 as to printing the evidence in cases where the sufficiency thereof to support the verdict or findings, is challenged, and to avoid further expense to the plaintiffs, who can ill afford to bear the additional burden, but counsel for appellant should not treat this as a precedent.

We have considered the other errors assigned, but find no reason for disturbing the conclusions arrived at by the trial court.

Affirmed.