## CONRAD LADING v. CITY OF DULUTH.[1]

December 1, 1922.

No. 23,044.

**Constitution fixes jurisdiction of Minnesota supreme court.**

1. The jurisdiction of the supreme court of this state is fixed and prescribed by the state Constitution and cannot be enlarged, extended or abridged by legislation.

**Original jurisdiction not conferred by statute of 1921.**

2. Section 61, chapter 82, Laws 1921, defining the jurisdiction of that court in proceedings before it on certiorari in review of a judgment of the State Industrial Commission, rendered in proceedings under the Workmen's Compensation Act, construed and *held* not to have been intended to confer upon the supreme court original jurisdiction to determine the rights of the parties from the viewpoint of the evidence and on the merits of the controversy.

**Jurisdiction in review of judgment of State Industrial Commission.**

3. On such review the authority of the supreme court is limited to matters of error in the rulings of the commission, or other questions of law, as in other appellate procedure.

**Employee has option to select his own physician.**

4. Section 19, chapter 82, Laws 1921, imposing on the employer the obligation to furnish medical aid to an injured employe construed and *held* to vest in the employe the right and option to accept the physician tendered by the employer or select one of his own choice.

**When liability of employer for physician's services is limited.**

5. The employer is liable for the reasonable value of the services of the physician called by the employe only when he is unable or refuses to supply the service; if he be able and willing in that respect and responds thereto, yet the employe voluntarily calls a physician other than the one tendered by him, the liability of the employer is limited, as declared by the statute, to $100.

**On appeal respondent cannot obtain review of rulings adverse to him— same rule as to relator in certiorari.**

6. The practice of cross-assignments of error has never been adopted in this state and the respondent on review either by appeal or

[1] Reported in 190 N. W. 981.

certiorari cannot assign adverse rulings and thus secure a consideration thereof by the supreme court; the relator in certiorari, like the appellant in appeal cases, may alone complain of adverse rulings.

**Same rule governs in review of workmen's compensation cases.**

7. Section 61, chapter 82, Laws 1921, was not intended to establish or inaugurate that practice in the review of workmen's compensation cases.

Upon the relation of the city of Duluth the supreme court granted its writ of certiorari directed to the State Industrial Commission to review the award in a proceeding under the Workmen's Compensation Act brought by Conrad Lading, as employe, against relator, as employer. Modified and affirmed.

*John B. Richards* and *Charles O. Teare,* for relator.

*McHugh & O'Donnell,* for respondent.

BROWN, C. J.

Certiorari to review the judgment of the State Industrial Commission in proceedings under the Workmen's Compensation Act.

The facts are not in dispute. Plaintiff in the proceeding was a policeman in the service of the city of Duluth, and had been such for some 6 years. While in the performance of his duties on the night of October 2, 1921, he was shot in the arm by a person he was attempting to arrest on the charge of murder. The person escaped, and plaintiff, after advising police headquarters of his injury over the phone, was taken to a hospital in the city ambulance, where he received necessary attention, remaining until able to be about again. The city employs a physician for the benefit of its employes and for occasions of emergency whose duty requires attention to cases of this kind when called or informed of the necessity therefor. His compensation, on salary basis, is paid wholly by the city. He was subject to the call of plaintiff to treat the injury in question and would have responded had request been made. Plaintiff, however, preferred a physician of his own selection, and to that end called a physician not in the service of the city. Plaintiff in this proceeding seeks to recover the reasonable value of the services

of the physician thus employed. The city resisted allowance on the ground that, since the regular city physician was subject to the call of plaintiff, to his knowledge, and having elected to secure the services of another, he is not entitled to reimbursement; in short, that plaintiff fails to bring the facts within the terms of section 19, p. 103, chapter 82, Laws 1921, wherein provision for medical treatment in such cases is made.

1. This contention must in part at least be sustained. The statute referred to and which controls the issue provides that the employer, the city in this case, shall furnish the injured employe such medical, surgical and hospital treatment as may be reasonably required at the time of the injury and during the disability thus created, not exceeding 90 days or $100 in value, "and in case of his inability or refusal seasonably to do so, the employer shall be liable for the reasonable expense incurred by or on behalf of the employe in providing the same."

The statute is plain and unambiguous, and imposes upon the employer the obligation to furnish medical aid to an injured employe, to the extent there stated, and, if he is unable or refuses to do so, imposes liability for the reasonable value of the services rendered by a physician employed by or on behalf of the injured employe. To justify a recovery of the reasonable value of the services of a physician called by the employe, it must appear either that the employer was unable to furnish one or that he refused to do so. Upon this the statute leaves no doubt, but the requirements thereof were not met by plaintiff in this case. There can be no claim that the city was unable to furnish the needed medical attention. A physician was in its employ for the purpose of responding to cases of the kind, and his services were available to plaintiff. Neither is there any showing of a request by the plaintiff for his services, and no occasion was presented for volunteer action on his part. There was therefore no refusal by the city to furnish the necessary medical attention. Plaintiff voluntarily chose his own physician, on the apparent theory that he had the right to do so at the expense of the city. He proceeded advisedly in the matter, for his injury was not of a character to render him mentally incompetent.

2. It follows then that plaintiff is not entitled to recover the reasonable value of the services of the physician so called. But we are of opinion that the statute should not be construed to impose upon the employe the unqualified obligation to accept the physician selected by the employer, or forfeit the right of reimbursement there given. It often happens, a situation perhaps more or less general, that the employe has a family physician to whom he prefers to turn in case of injury or sickness, rather than to accept the services of another with whom he has no acquaintance or in whom perchance he has no confidence. In that situation he should have the option or unquestioned right to chose his medical attendant, or accept the one tendered him by the employer, but within the limits of liability on the part of the employer imposed by the statute. The statute contains no language unconditionally requiring the latter to accept the physician tendered him or relinquish the right of reimbursement altogether, and we construe it to give him that option; and when exercised in good faith to entitle him to reimbursement to the extent provided by the statute. The fact that the employer in this case is a municipal corporation and employs a physician for all such cases, paying him a fixed salary, cannot alter the construction given the statute, and be made to apply to different employers in a different degree of liability. It is susceptible of one construction, applicable alike to all employers, municipal corporation or individual.

It follows that plaintiff is entitled to reimbursement for the services of the physician called by him to the extent of $100 and no more.

3. Plaintiff in the proceeding sought to recover, in addition to the services of his physician, attorneys' fees and the cost of an X-ray of his arm, taken to aid in determining the nature and character of his injury. The commission refused to allow the claims, and he assigns the ruling as error, and contends that the decision of the commission should be modified in this court by the allowance of those items. The contention is not sustained.

Plaintiff is the respondent in this court, and no proceeding by him presents the cause here for review. His effort in the manner stated to have such review is not in harmony with settled law of

appellate procedure in this state. The practice permitting cross-assignments of error, in force and applied in some jurisdictions (8 Enc. Pr. 644) has never been adopted in this state. Under our procedure the appellant in appeal cases, and the relator in certiorari, may alone assign errors or otherwise complain of adverse rulings on the trial of the action or proceeding under review. Edgerton v. Jones, 10 Minn. 341 (427); New v. Wheaton, 24 Minn. 406; State v. Northern Pacific Ry. Co. 99 Minn. 280, 109 N. W. 238, 110 N. W. 975; 1 Dunnell, Minn. Dig. § 360.

Plaintiff is therefore without the right to challenge the action of the commission in the respect stated, unless the right be conferred by the provisions of the act creating the industrial commission. Chapter 423, p. 652, Laws 1921. Plaintiff contends that the right is given by section 61 of that act. In that we are unable to concur. It is clear that the legislature did not intend by that act to establish the practice of cross-assignments of error. The provisions of the section referred to are as follows:

"The supreme court, on review taken under the preceding section shall have and take original jurisdiction and may reverse, affirm or modify the award or order of disallowance reviewed and enter such judgment as may be just and proper; and when necessary may remand the cause to the Industrial Commission for a new hearing or further proceedings, with such directions as the court may deem proper."

The jurisdiction of the supreme court of the state is conferred and limited by the state Constitution, section 2, article 6, wherein it is declared that it shall have appellate jurisdiction in all cases both in law and equity, and original jurisdiction in such remedial cases as may be prescribed by law. To the authority thus granted nothing can be added or taken from by act of the legislature. It is the supreme law on the subject and beyond encroachment by legislation. Lauritsen v. Seward, 99 Minn. 313, 109 N. W. 404; 3 Dunnell, Minn. Dig. § 9068, and citations. The appellate jurisdiction thus granted vests in the court the right to review the judgments and orders of inferior courts and the correction of errors

therein. It does not confer upon the court the authority to determine the cause as an original proceeding. The court of first instance is vested with exclusive jurisdiction in that respect. The supreme court reviews its action and determines whether errors were committed in the judgment or order appealed from. Tierney v. Dodge, 9 Minn. 153 (166.) The "remedial cases" of which original jurisdiction is given to the supreme court, are limited to and embrace only those where the remedy is afforded summarily by means of certain extraordinary writs, such as prohibition, mandamus, certiorari and quo warranto. State v. St. Paul & Sioux City R. Co. 35 Minn. 222, 28 N. W. 245.

A proceeding under the Workmen's Compensation Act, as at bar, is not a remedial case within the meaning of the Constitution. And although the appellate jurisdiction of the court authorizes, and in particular instances requires, the court to consider the evidence when presented on appeal, or other proceeding in review, such consideration is for the limited purpose of determining whether the verdict or findings of fact made by the trial court, as the case may be, are clearly and manifestly against the evidence. It is not there examined or considered as an original question and with a view of determining the facts; the determination of the facts resting with the trial court or other tribunal to which the matter is committed, and the findings there made, unless clearly, or, as sometimes expressed, manifestly against the evidence, are conclusive and final. The appellate court declares the law, not the fact, and thereon bases its decision. Breen v. Cameron, 132 Minn. 357, 157 N. W. 500, Ann. Cas. 1918A, 399. The rule applies to proceedings under the Workmen's Compensation Act. State ex rel. Niessen v. District Court, 142 Minn. 335, 172 N. W. 133; State ex. rel. Rinker v. District Court, 142 Minn. 420, 172 N. W. 311; Harris v. Kaul, 149 Minn. 428, 183 N. W. 828; Kraker v. Nett, 148 Minn. 139, 180 N. W. 1014.

Such is the jurisdiction of the supreme court, limited and restricted to the extent stated, and it must be assumed that the legislature by the provisions of the Industrial Commission Act above quoted did not intend to encroach thereon, or to impose original jurisdiction upon the court beyond the grant of the Constitution. It is clear

that the legislature could not directly confer upon that court juris-diction to administer the compensation act, and that which it cannot do directly is beyond accomplishment by indirection. If the statute were to be construed as vesting the extended jurisdiction claimed by counsel for plaintiff, it could not stand the test of constitutional measurements. It should not therefore be so construed.

This cause will be remanded with directions for a modification of the judgment as here indicated, and as so modified the judgment will be affirmed. No statutory costs will be allowed.

HALLAM, J. (dissenting.)

I dissent.

I have no particular quarrel with the result in this case, but it seems to me the opinion circumscribes too much the power which may be given to this court under the Constitution. The Constitu-tion simply provides that, in ordinary cases, the supreme court shall have "appellate jurisdiction." Under this provision, this court may not be given original jurisdiction in such cases. The opinion holds, however, that, in the consideration of evidence, the power of the court is limited by the Constitution to "the * * * pur-pose of determining whether the * * * findings of fact made by the trial court * * * are clearly and manifestly against the evidence." This seems to me too narrow a construction of the term "appellate jurisdiction." In the early case of Le Guen v. Gouverneur and Kemble, I Johns. Cas. (N. Y.) 436, Chancellor Kent said on page 507: "It is the settled rule of the House of Lords in England, upon appeals, always to give such a decree as the court below ought to have given. This is the great and leading maxim in their system of appellate jurisprudence."

In the Federal courts of appeal the question of the boundaries of appellate jurisdiction there was originally much in conflict be-tween the circuits. The rule finally settled on was exhaustively stated in Richmond v. Atwood, 52 Fed. 10, 2 C. C. A. 596, 17 L. R. A. 615. The court quotes the case above cited and reviews the his-tory of the appellate power in equity cases and concludes by revers-ing the findings of the trial court and making final disposition of

the case. The court held in substance that where the court has a complete record of a full hearing on the merits, it was within the appellate function to proceed to correct fundamental error and finally dispose of the case in the manner in which it should have been disposed of in the court below. This practice was approved in Smith v. Vulcan Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. ed. 810. See, also, Gilmore & Smith v. Ferguson & Cassell, 28 Iowa, 422; Yates v. Pelton and Gregg, 48 Vt. 314; Gaffney v. Megrath, 11 Wash. 456, 39 Pac. 973.

It seems to me this is within the scope of the constitutional term appellate jurisdiction.