GERTRUDE SCHOEWE v. WINONA PAINT & GLASS
COMPANY AND HARTFORD ACCIDENT
& INDEMNITY COMPANY.[1]

February 16, 1923.

No. 23,099.

**Decedent not within the terms of the Workmen's Compensation Act.**
The evidence is sufficient to sustain the findings of the Industrial
Commission.

Upon the relation of Gertrude Schoewe the supreme court granted
its writ of certiorari directed to the Industrial Commission of Min-
nesota to review its decision in an action brought under the Work-
men's Compensation Act by relator, widow of Gustave A. Schoewe
employe, against Winona Paint & Glass Company, employer. Af-
firmed.

*Brown, Somsen & Sawyer* and *E. V. Knauf*, for relator.

*Clifford L. Hilton*, Attorney General, and *James E. Markham*, As-
sistant Attorney General, for the commission.

*Sexton, Mordaunt & Kennedy*, for employer and insurer.

TAYLOR, C.

The Winona Paint & Glass Company is a wholesale dealer in
paint and glass in the city of Winona and occupies a warehouse of
three stories and a basement. The warehouse was provided with
a freight elevator which became in need of repairs. Among other
things the "eye" in the end of the counterweight by means of which
it was attached to the cable had become bent and needed to be
straightened. Gustave A. Schoewe was a blacksmith who owned
and operated a blacksmith shop near the warehouse. At the request
of the Paint & Glass Company, Schoewe went to the warehouse and
straightened the "eye" in the counterweight of the elevator. To
enable him to do his work the company lowered the counterweight
to the basement. He said that the strips which held it in place

[1]Reported in 191 N. W. 1009.

must be removed and the company removed them. He asked for two wrenches to remove a bolt and the company procured them for him. He borrowed a blow torch from another shop and performed his work. He then asked for some water to cool the heated part of the iron, and while the representative of the company was away procuring the water, the heavy counterweight, from some unknown cause, fell over upon Schoewe causing injuries which resulted in his death. There was no express agreement as to compensation. Schoewe operated a shop, but also did what is termed "jobbing work" or work outside the shop. He had done other jobs for the company on other occasions, and when the work was completed had presented his bill and received his pay. He evidently expected to follow the same course in this instance as no different agreement was made.

The Industrial Commission held that the compensation law did not apply to Schoewe for the reason that he was an independent contractor, and for the further reason that if he were to be deemed an employe he was excluded from the operation of the act by the provision therein that "this act shall not be construed or held to apply to * * * persons whose employment at the time of the injury is casual and not in the course of the trade, business, profession, or occupation of his employer." Laws 1921, p. 92, c. 82, § 8.

It is not the province of this court to determine the facts. In reviewing the action of the commission under a writ of certiorari, we must take the facts to be as found by the commission, unless we can say that they are clearly and manifestly contrary to the evidence. If, after an impartial consideration of the evidence and of the inferences which may fairly and reasonably be drawn therefrom, reasonable minds might reach different conclusions upon the question, the findings must stand. Lading v. City of Duluth, 153 Minn. 464, 190 N. W. 981; Harris v. Kaul, 149 Minn. 428, 183 N. W. 828; State ex rel. Niessen v. District Court, 142 Minn. 335, 172 N. W. 133; State ex rel. Rinker v. District Court, 142 Minn. 420, 172 N. W. 311; State ex rel. Green v. District Court, 145 Minn. 96, 176 N. W. 155; State ex rel. Berquist v. District Court, 145 Minn. 127, 176 N. W. 165; State ex rel. Johnson H. Co. v. District Court, 145 Minn. 444,

177 N. W. 644; State ex rel. Kile v. District Court, 146 Minn. 59, 177 N. W. 934; State ex rel. Taylor v. District Court, 147 Minn. 10, 179 N. W. 217; Braker v. Nett, 148 Minn. 139, 180 N. W. 1014; Hinchuk v. Swift & Co. 149 Minn. 1, 182 N. W. 622. The commission found:

"That at the time of said accidental injury the said Gustaf Schoewe was not an employe of the Winona Paint & Glass Company and was not employed in the course of the trade, business, profession or occupation of the said Winona Paint & Glass Company, but that said Gustaf Schoewe was engaged in his regular occupation of an independent job contractor."

We cannot disturb this finding on the ground that it is without support in the evidence, or that reasonable minds could not reach that result, and it is decisive of the case. The decision of the commission is affirmed.