## STATE EX REL. MRS. EUGENE LESCAULT AND ANOTHER v. INDUSTRIAL COMMISSION OF MINNESOTA.[1]

April 6, 1923.

No. 23,243.

Workmen's Compensation Act—injury not the result of an accident in course of employment.

The findings of the State Industrial Commission in proceedings under the Workmen's Compensation Act, to the effect that the injury complained of was not the result of an accident arising out of and in the course of the employment, *held* sustained by the evidence.

Upon the relation of Mrs. Eugene Lescault and others the supreme court granted its writ of certiorari directed to the Idustrial Commission of Minnesota, to review the findings of that commission denying relators compensation in an action brought under the Workmen's Compensation Act by relator, as widow of Eugene Lescault, employe, against the city of Faribault, employer. Affirmed.

*James P. McMahon,* for relators.

*K. A. Campbell* and *B. Burness,* for respondent.

BROWN, C. J.

Certiorari to review a final order in proceedings under the Workmen's Compensation Act denying the petition of complainant for relief.

Decedent was in the employ of the city of Faribault and at the time of the alleged accidental injury for which compensation is sought was engaged in unloading coal in the municipal yards. It is claimed that while so engaged, the date being fixed at October 4, 1921, a chunk of coal fell from the coal bin striking him on the foot, severely injuring that member, from which blood poisoning subsequently set in causing his death on December 3 following. This proceeding for compensation, founded on the theory and claim that the death of decedent was caused by an accidental injury re-

[1]Reported in 193 N. W. 34.

ceived during the course of his employment, was commenced on January 20, 1922. Issue was joined therein and in harmony with the provisions of the compensation act the matter was heard before the referee who reported judgment in favor of claimant for the amount provided for in such cases. There was an appeal to the industrial commission where after due consideration of the evidence, that presented to the referee and further testimony taken subsequent to the appeal, the commission found as a fact that allegations of accidental injury were not sustained, therefore that a case for compensation was not made out. No controversy arose in respect to the employment of decedent, and his death from some cause, arising either out of an injury or an existing diseased condition of his foot, was not contested. The only controverted issue was whether the injury was received in his employment by a blow on the foot from the particle of coal, or from some cause outside of his employment. As stated the commission found that it was not the result of an injury in the manner alleged by claimant.

The only question involved is whether the findings of the commission are sustained by the evidence, within the rule guiding this court in such cases. A careful consideration of the record leads to the conclusion that the evidence, if not wholly incompetent as hearsay, a question we do not stop to consider, presented to the commission a question of fact. The finding thereon is not clearly or manifestly against the weight thereof, and must be sustained. The rule stated in State ex rel. Neissen v. District Court, 142 Minn. 335, 172 N. W. 133, controls the determination of the question in this court, under the amended procedure prescribed by chapter 423, p. 652, Laws 1921. Lading v. City of Duluth, 153 Minn. 464, 190 N. W. 981; Schoewe v. Winona Paint & Glass Co. supra, page 4.

The judgment and order of the industrial commission is therefore affirmed.