ALICE V. ENGSELL v. NORTHERN MOTOR COMPANY
AND ANOTHER.[1]

May 4, 1928.

No. 26,605.

**Finding sustained that automobile salesman was fatally injured while driving for a private purpose.**

1. The findings of the industrial commission, that an automobile salesman, working on a commission basis, who took a prospective purchaser on a drive for the purpose of doing an errand for the prospect, not in any way connected with the purchase of a car, was then engaged in a private undertaking, and that an accident happening on such drive did not arise out of nor in the course of the salesman's employment, *held* sustained by the evidence.

**Ownership of car used was question of fact for industrial commission.**

2. The question of whether the salesman or his employer owned the car he was using was one of fact for the commission to decide upon the evidence here presented.

Workmen's Compensation Acts—C. J. p. 115 n. 37; p. 122 n. 40.

Certiorari to review an order of the industrial commission denying compensation for the death of relator's husband, Samuel J. Engsell. Affirmed.

*Weddel & Curtis,* for relator.

*J. Frank Boyles,* for respondent motor company and Maryland Casualty Company, its insurer.

[1]Reported in 219 N. W. 293.

OLSEN, C.

Certiorari to review an order of the industrial commission denying the petition of the relator, Alice V. Engsell, for compensation for the death of her husband.

The husband, Samuel J. Engsell, was killed in an automobile accident on January 13, 1927. At the time of his death he was in the employ of Northern Motor Company as an automobile salesman, working on a commission basis. The commission found that at the time of the accident he was driving an automobile owned by himself and used as an instrument of his employment, as well as for private purposes; that the automobile was being used and driven by him at the time for a private purpose and not in connection with his employment; and that the accident causing his death did not arise out of nor in the course of his employment.

The question presented is whether there is evidence sufficient to sustain the findings of the commission that the accident did not arise out of nor in the course of decedent's employment.

On January 12, 1927, decedent was negotiating with Mr. and Mrs. Carlson for the sale to them of a Hupmobile car. He went to their residence in St. Paul that evening at about eight o'clock; he then took Mr. and Mrs. Carlson for a ride in the demonstrator car to show them how it operated, returned with them to their home, and then took them in the car to the garage and salesroom of the Northern Motor Company on University avenue in said city, where further examination of the car was had. The parties then returned to the Carlson home, where decedent filled out an order blank for Mr. Carlson to sign. The negotiations were in reference to the sale of the particular car then used by decedent, a 1926 Hupmobile, but with the understanding that the Carlsons, if they so desired, might take a new car of the same make, that being the make of car handled by the Northern Motor Company. An old Ford car owned by the Carlsons was to be taken as part payment at the sum of $200. The order prepared provided that such allowance should hold good until January 14 on the 1926 demonstrator car; otherwise to apply on any other new or used car selected. Mr. Carlson was satisfied

and ready to sign the order and make a small payment on the car. Mrs. Carlson wanted to wait until the next morning and, upon her objection, the husband did not sign the order, but left the matter for further consideration, with the understanding that they were to go to the motor company's place of business the next day and conclude a trade. Decedent remained at the Carlson home, talking with them about the deal and other matters, until shortly after 12 o'clock that night. It then appeared that Mrs. Carlson had not been feeling well that day and had not taken any food, and Mr. Carlson decided to go down town and buy a certain kind of food which she enjoyed and bring it home for her. He proposed to take his own Ford car for the trip. Decedent urged that, as his car was there, it was not necessary to take Carlson's car out of the garage; that he would drive Mr. Carlson down town to get the food; that they would drive over to the motor company's garage and then down town and back. This was agreed to, and decedent and Mr. Carlson left about 12:30 in the morning of January 13 for this trip. The accident happened after they had been to the garage and while driving towards the down town section of the city. There is some evidence tending to show that decedent intended, on the trip down town, to further demonstrate to Mr. Carlson the operation and good qualities of the car, and that he hoped to finally close the sale that night.

1. The rules governing this court in reviewing findings of the industrial commission are well settled. The findings must stand if there is evidence reasonably tending to sustain them or, as stated in some of the decisions, unless they are clearly and manifestly contrary to the evidence. And if, upon a fair consideration of all the evidence and the fair and reasonable inferences which may be drawn therefrom, reasonable minds might reach different conclusions, a reasonable conclusion so arrived at must be sustained. Unless a fair consideration of all the evidence, together with all reasonable and fair inferences therefrom, will lead reasonable minds to but one conclusion, a question of fact arises, and the findings of the court or commission thereon must be sustained. State ex rel.

Niessen v. District Court, 142 Minn. 335, 172 N. W. 133; State ex rel. Rinker v. District Court, 142 Minn. 420, 172 N. W. 311; State ex rel. Berquist v. District Court, 145 Minn. 127, 176 N. W. 165; State ex rel. Kile v. District Court, 146 Minn. 59, 177 N. W. 934; Lading v. City of Duluth, 153 Minn. 464, 190 N. W. 981; Schoewe v. Winona P. & G. Co. 155 Minn. 4, 191 N. W. 1009; Walker v. Minn. Steel Co. 167 Minn. 475, 209 N. W. 635; Smith v. Mason Bros. Co. supra, p. 94. Tested by these rules, the findings of the commission that, at the time of the accident, the decedent was driving the automobile for a private purpose and not in connection with his employment, and that the accident did not arise out of nor in the course of his employment, must stand.

The commission might well conclude that there would have been no trip down town except for the one purpose of buying food for Mrs. Carlson; that there was no occasion for, or purpose of, any further demonstration of the car; and that, if any further demonstration was desired, it could reasonably and properly be made near at hand and without a trip down town. Mr. Carlson had owned a Hupmobile. He had examined and tried out this car and was satisfied and ready to close the deal. His only purpose in going down town was to buy this food for Mrs. Carlson. The commission might reasonably conclude that decedent took this trip as a simple accommodation for Mr. Carlson, a mere private purpose, and not as a part of nor in the course of his employment. The fact that the commission would have been justified in a contrary conclusion does not avail. We cannot make findings of fact for the commission where an issue of fact is presented. The burden of proof rested on the petitioner, and we cannot say that the evidence here is conclusive either way.

2. The finding of the commission that decedent was the owner of the car which he used is challenged. There is uncontradicted evidence that the car had been sold to him by the motor company in June, 1926. There are many facts and circumstances shown tending to weaken this evidence. It nevertheless presented a fact issue for decision by the commission. Nor is the ownership of the car the decisive question. The evidence is undisputed that de-

cedent did not confine his sales efforts entirely to this car, but endeavored to sell this car, or any new or other car for sale by his employer. It is also evident that the company had a financial interest in the car used by him. If the commission had found that at the time of the accident the decedent was engaged in his occupation of selling cars, was within the scope of his employment, the fact that he was the owner of the car then used by him would not have prevented the granting of compensation.

Order affirmed.

STONE, J. took no part.