RONALD MARONDE v. ROBERT CARR CONSTRUCTION
COMPANY AND ANOTHER.

235 N. W. 2d 207.

October 31, 1975—No. 45117.

*Hansen, Dordell, Bradt & Koll, Gene P. Bradt,* and *William M. Bradt,* for relators.

*Barnard, Hilleren & Spates, Richard H. Hilleren,* and *Mark A. Jothen,* for respondent.

Heard before Peterson, Kelly, and Chanak, JJ., and considered and decided by the court en banc.

PER CURIAM.

This case reviews a decision of the Workmen's Compensation Commission authorizing payment for medical expenses and for temporary total disability incurred by the employee after he sought treatment from doctors other than his original treating physician and specialists to whom he referred him. We affirm.

The employee suffered work-related head and chest injuries and was hospitalized for 11 days following the accident, during which time he

was treated by his personal physician. After release from the hospital he continued to experience symptoms of dizziness, chest pain, and burning of the eyes. His doctor referred him to several specialists who were unable to alleviate the symptoms. Finally, more than a year after the accident, the employee on his own initiative consulted a neurologist and a cardiologist. He was hospitalized for further tests, was treated, and experienced some relief.

The compensation judge ordered payment of all medical expenses incurred by the employee. He also ordered temporary total disability for all periods of hospitalization, including the period when the employee was hospitalized for tests by the specialists who were independently consulted. The commission affirmed the order of the compensation judge, and the employer seeks review.

The employer contends that it is not liable for medical expenses incurred by an employee who seeks further treatment from a neurologist and cardiologist without approval of the commission. It is also contended that the employer is not liable for temporary total disability payments ordered for the time during which the employee was hospitalized for tests by these specialists.

The employer's obligation to pay for medical treatment of injuries which arise out of the course of employment is found in Minn. St. 1971, § 176.135, subds. 1 and 2, the applicable statute at the time of the injury and treatment. Those subdivisions provided in pertinent part:

"Subdivision 1. The employer shall furnish such medical, chiropractic, surgical and hospital treatment * * * as may reasonably be required at the time of the injury and any time thereafter to cure and relieve from the effects of the injury. * * * In case of his inability or refusal reasonably to do so the employer shall be liable for the reasonable expense incurred by or on behalf of the employee in providing the same. * * *

"Subd. 2. The commission shall make the necessary rules for a change of physicians or chiropractors in the case that either the employee or the employer desire a change * * *."

We interpreted similar language in Mattila v. Oliver Iron Min. Co. 233 Minn. 125, 130, 46 N. W. 2d 82, 85 (1951), where we said:

"The statute * * * indicates two separate situations in which a change of physicians furnished an employe under the act is permitted at the expense of the employer. They are (1) where the employer or his physician is unable or refuses to furnish the employe with such medical, surgical, and hospital treatment as may reasonably be required to cure and relieve the effects of the injury; and (2) at any time

where the employe or employer requests such a change, in which event the commission may, in its discretion, direct a change to a physician suggested by the injured employe or by the commission."

It is undisputed that the employee did not seek authority to change physicians from the commission pursuant to its rules.[1] The issue is whether under subd. 1 the employer is liable because its authorized physician was unable to treat the employee's injuries satisfactorily. In Mattila we pointed out that—

"* * * the statute does not specify that as a prerequisite to such a change an order therefor be procured from the commission. The inability or refusal of an employer or his physician to furnish the needed medical, surgical, or hospital treatment certainly would justify an employe in making an immediate change without jeopardizing his health or condition by even the slight delay involved in awaiting authorization therefor by the commission." 233 Minn. 130, 46 N. W. 2d 85.

Accordingly, the employee was under no obligation to seek authority for additional medical care if the commission was correct in concluding that the failure of the first physician to alleviate the employee's symptoms amounted to an inability to furnish needed medical treatment within the meaning of the statute as we construed it in Mattila.

The facts here are similar to those in Mattila. There we awarded medical expenses to an employee who, without notification to the commission, changed physicians and got relief after nearly 2 years of unsuccessful treatment by his original doctors. In the instant case the employee had continuing symptoms despite a year of treatment and we

---

[1] State of Minnesota, Workmen's Compensation Commission Rules of Practice, Rule 18, August 1, 1973, provides: "When either an injured employee or his employer desires a change of physicians for the treatment of the employee's injuries, the proponent may apply to the Division for an order for a change of physicians, in which he shall state the reasons for the change and may suggest a physician by whom treatment is desired. The Division shall notify the other party of the receipt of the application, and he may suggest another physician and also request a hearing on the application. If no response is received from such party within three days of the date of the notice, the Division shall act upon the application and forthwith notify both parties of its determination. Such determination shall be effective on its date, but shall be contingent upon the failure of the parties to reach an agreement in the intervening time."

concur in the commission's finding that the change of physicians was justified.

Relators seek to distinguish Mattila from this case because the original treating physician in Mattila was selected by the employer, and in this case the authorized physician was selected by the employee. The distinction is not persuasive. We have held that with respect to the original treating physician the employee "should have the option or unquestioned right to choose his medical attendant, or accept the one tendered him by the employer * * *." Lading v. City of Duluth, 153 Minn. 464, 467, 190 N. W. 981, 982 (1922); and Carmody v. City of St. Paul, 207 Minn. 419, 291 N. W. 895 (1940). A physician is deemed to be selected by the employee even where he merely accepts a physician furnished by the employer.

Finally, if the employee had statutory authority to change physicians, he also had a right to temporary total disability compensation for the period he was hospitalized by his substituted physicians. The compensation judge and the commission found that the period of hospitalization was reasonably necessary. Accordingly we affirm the order for payment of medical expenses and temporary total disability.

Affirmed.