(114 App. Div. 859)

McDONALD v. SIMPSON–CRAWFORD CO.

(Supreme Court, Appellate Division, Second Department.   July 24, 1906.)

1. MASTER AND SERVANT—FELLOW SERVANT—ASSISTANT SUPERINTENDENT AND SALESWOMAN.

An assistant superintendent of a retail store is a fellow servant of a saleswoman.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 427–448.]

2. SAME—RELATION OF PARTIES AFTER WORKING HOURS.

A saleswoman in a retail store, while being carried in an elevator after working hours to a top floor to get her street clothes, is still in the employ of the company, and the relation of passenger and carrier does not exist.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 150–156.]

Appeal from Trial Term, Kings County.

Action by Kate McDonald against the Simpson-Crawford Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, and GAYNOR, JJ.

Geo. Gordon Battle, for appellant.

William F. Hagarty, for respondent.

GAYNOR, J.  The defendant kept a large retail dry goods store, and employed· the plaintiff as a saleswoman.  The employés used the elevators in the morning on arriving at work to go to the top floor and leave their street clothes in a room provided for that use by the defendant, and to go there and get the same after the close of the day's work. The plaintiff was hurt by the fall of the elevator in which she was being carried up with others to get her clothes after the closing hour.  The accident was caused by allowing too many in the elevator.  There was a sign up limiting the number to be carried, but an assistant superintendent of the store (so the evidence was) told the plaintiff to go into the elevator after the limited number had gone in.  His negligence was that of a fellow servant.  The contention that the plaintiff was not in the employ of the defendant at the time of the accident, it occurring after actual working hours, and that the defendant therefore bore to her only the relation of carrier, is without foundation.  Her dressing and undressing was a necessary incident of her employment, and the time thereof was of the time of her employment.  Boldt v. N. Y. C. R. Co., 18 N. Y. 432; Vick v. N. Y. C. & H. R. R. Co., 95 N. Y. 267, 47 Am. Rep. 36; Ross v. N. Y. C. & H. R. R. Co., 5 Hun, 488; affirmed 74 N. Y. 617; Gillshannon v. Stony Brook R. Co., 10 Cush. (Mass.) 228.  The case of Pendergast v. Union R. Co., 10 App. Div. 208, 41 N. Y. Supp. 927, is not in point.  There the plaintiff, as servant, was entitled to recover for the negligence of the master; for the breach of a duty which it owed to its servants as well as to its passengers.  Nor is the case of West v. N. Y. C. R. Co., 55 App. Div. 464, 67 N. Y. Supp. 104, in point.

The judgment and order should be reversed and a new trial had.

Judgment and order reversed, and new trial granted; costs to abide the event.  All concur.