STATE EX REL. NANCY D. GREEN AND OTHERS v. DISTRICT COURT OF RAMSEY COUNTY.[1]

February 6, 1920.

No. 21,592.

**Workmen's Compensation Act — proximate cause of injury.**

1. In an action under the Workmen's Compensation Act, it is *held* that the question whether the intoxication of the injured employee or the condition of the stairway which he was required to use in going to

[1]Reported in 176 N. W. 155.

his place of work was the proximate cause of his injury, was one of fact for the trial court.

**Same — whether intoxication of workman was proximate cause.**

2. The intoxication was not the natural cause of the injury, and on the facts stated in the opinion the trial court was not bound to find that it was the proximate cause thereof, within the meaning of the compensation act.

Upon the relation of Nancy D. Green, doing business as the Fey Hotel, and another, the supreme court granted its writ of certiorari directed to the district court for Ramsey county and Honorable Hugo O. Hanft, one of the judges thereof, to review proceedings in that court brought under the Workmen's Compensation Act by the widow of Thomas Davis, employee, against relator employer and relator insurer.   Affirmed.

*Russell P. Fischer,* for relators.

*Clifford L. Hilton,* Attorney General, and *K. G. McManigal,* for respondent.

BROWN, C. J.

Certiorari in review of a judgment of the district court of Ramsey county in proceedings under the Workmen's Compensation Act.

It appears from the record that defendant at the time in question was the owner and operator of the Fey Hotel in the city of St. Paul.  For a time prior to February 25, 1918, and up to the time of his death on that day, Thomas Davis was in her employ at a salary or compensation of $35 per month, his duties being to attend the furnace or heating plant of the building, which was located in the basement.  The basement was reached by means of a stairway leading from an alley in the rear of the premises.  On the day named at about one o'clock in the afternoon, Davis, in going to his work, in some way tripped and fell down the stairway, receiving injuries which caused his death.  Plaintiff is his widow and brought the proceeding to recover the statutory compensation in such cases provided.

It stands conceded on the record that decedent was intoxicated at the time, and the court so found the fact.  The court further found that the fall down the stairway and resulting death was not the natural result of the intoxication, nor shown to be the proximate cause thereof, and award-

145 M—7.

ed plaintiff the compensation fixed by the statute. The correctness of that conclusion presents the only question in the case. The additional point made by relator that decedent was not in the course of his employment at the time of the accident is not sustained by the record. Decedent had been in relator's employ for some time, and, though neglectful of his duties, had not been discharged. He was rightfully upon the premises and on the way to the place of the performance of his work. Of this the record presents no question. We therefore hold, without further comment, that decedent was in relator's employ at the time of the accident and in the course of his employment within the meaning of the statute, and come directly to the question whether the trial court was right in the conclusion that the intoxication of decedent was neither the natural nor the proximate cause of his injury and death.

General Statutes 1913, § 8203, of the compensation act provides that compensation shall be paid according to the schedules therein contained in every case of injury or death of an employee by accidental means, without regard to the question of negligence:

"Except accidents which are intentionally self-inflicted or when the intoxication of such employee is the natural or proximate cause of the injury, and the burden of proof of such fact shall be upon the employer."

The question whether the intoxication of decedent was the natural cause of his injury and death may be passed without comment. It clearly was not. Whether it was the proximate cause thereof presents another and different question, though on the facts here presented we hold that it was correctly disposed of by the trial court.

In controversies under the Workmen's Compensation Act, the contributory negligence of an injured employee is not a bar to his right to compensation. The intoxication of a person injured by the alleged negligence of another has usually been treated in actions at law for damages as a contributing cause thereof, and sufficient to defeat a recovery. But that condition of the injured person is not per se contributory negligence. 2 Dunnell, Minn. Dig. § 7028, and cases there cited. It constitutes a bar to relief under the compensation act only when shown to be the proximate, as distinguished from the contributory, cause of the injury complained of. This distinction necessarily follows from the express language of the statute, by which contributory negligence of the

employee is expressly excluded from consideration in determining the liability of the employer.

In this view of the law applicable to the case, we are of opinion that the court below was not bound to find that the intoxication of decedent was the proximate cause of his injury and death. From the facts presented reasonable minds might reach different conclusions upon the question, rendering the determination thereof by the trial court final. State ex rel. Niessen v. District Court of Ramsey County, 142 Minn. 335, 172 N. W. 133. The proximate cause of an injury is that act or event which in natural and continuous sequence, unbroken by any intervening efficient cause, produces the same. The record clearly shows the intoxication of decedent. The extent thereof the trial court does not find. The record also shows that at the time of the accident the stairway, the means of access to decedent's place of work, was to some extent not in good order. There was no railing by which one might guide his course up or down the stairway; one was placed therein soon after the accident. On the day following the injury some ice and snow were found on the first three or four steps of the stairway, and the trial court might well enough have assumed their presence on the day of the accident. From this state of the evidence we conclude that the proximate cause of the accident lay between the intoxication of decedent and the condition of the stairway, presenting a question of fact for the trial judge, and within the Niessen case, supra, his conclusion thereon is not open to review in this court.

Judgment affirmed.