# HOLGER NOVACK v. MONTGOMERY WARD & COMPANY.[1]

March 28, 1924.

No. 23,904.

**"Injury arising out of" "employment."**

1. Decline to make a comprehensive definition of the language, in Workmen's Compensation Act, "injury arising out of the course of the employment."

**General characteristics indicated.**

2. Some general characteristics indicated: (1) Employe is "in course of employment" when he does those reasonable things which his contact with his employment expressly or impliedly permits him to do. (2) It "arises out of" the employment when it reasonably appears from all the facts and circumstances that there is a causal connection between the conditions which the employer puts about the employe and the resulting injury. (3) It excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the employe would have been equally exposed apart from the employment. (4) It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.

**Employe protected by act while upon premises of employer.**

3. Where the employe enters the premises of the employer on her way to her work and pursues the proper course to the place of her labor, while there in the performance of her duties, and until she leaves the premises by the ordinary means of exit, she is engaged in the ordinary pursuit of her employment, and is entitled to the protection and is subject to the limitations of the compensation act.

**Necessary use of elevator an incident of the employment.**

4. An employe necessarily using an elevator on premises of employer is at common law an employe and not a passenger, and under

[1] Reported in 198 N. W. 290.

the compensation act the use of the elevator is an incident to the employment, and an injury occurring to her while using such elevator arises out of and in the course of employment. Where an employe is in, on and about the premises where her services are performed, and is also at a place where she is required to be by her employment, she is included in the act.

**When accident arises out of the employment.**

5. Where the work, or an incident thereto, exposes the employe to the happening of an event causing an accident, the accident arises out of the employment.

**Relation of servant exists while going to work on eighth floor of employer's building.**

6. Where an employe is required to use a certain elevator, on premises of employer, in going to and from the eighth floor, where she works, the relation of master and servant applies while employe is on the premises at all times reasonable to her time of coming or going.

**Use of elevator 20 minutes before beginning work reasonable.**

7. Such employe, using such elevator 20 minutes before time to begin work, is there within a reasonable time, and on the premises "during the hours of service."

**Minor over 16 years is lawfully employed and cannot maintain common law action for injury.**

8. Employer used such elevator without guards as provided by law, and the employe, a minor over 16 years old, was injured thereon; *held*, that, the language "minors who are legally permitted to work under the laws of the state" excludes from the act minors whose employment is prohibited by law; i. e. Child Labor Law—they being disqualified from the operation of the act by age only, and that the injured employe being over 16 years of age was "legally permitted" to be employed, and notwithstanding the illegal operation of the elevator, she is included in the statute and cannot maintain an action at common law to recover for her injuries.

Action in the district court for Ramsey county by the father and natural guardian of Gudrund Novack, a minor, to recover $35,000 for injuries received by the minor while in the employ of defendant.

From an order, Hanft, J., sustaining defendant's demurrer to the amended complaint, plaintiff appealed. Affirmed.

*George G. Chapin*, for appellant.

*Ernest E. Watson*, for respondent.

WILSON, C. J.

Gudrund Novack was, at the age of 16 years and a few months, an employe of Montgomery, Ward & Company in St. Paul. She began her work at 8 o'clock a. m. She was required to use a freight elevator in going to and from the eighth floor where she worked. The elevator was not guarded as provided by law; it was unlawfully used. At 7:40 o'clock a. m. February 1, 1923, while riding in said elevator, and because it was not guarded as provided by law, she was severely injured, resulting in the loss of one leg. Her other leg was broken and she was otherwise severely injured. These statements are made as facts because they are alleged and for the purposes of this case, as against a demurrer, we accept them as true.

This action is brought by the father in behalf of his minor daughter, under the statute, to enforce the remedy which the common law gave the minor, to recover for her pain, suffering and loss of ability to earn money. The defendant has demurred to the complaint on the ground that the facts stated do not constitute a cause of action. This demurrer is predicated upon the proposition that, upon the facts disclosed, the daughter was under the Workmen's Compensation Act; and that that act has taken away the common law action.

Upon oral argument it was stipulated by counsel as a fact in the case, that no election was made not to be within the act. The plaintiff has appealed from the order of the trial court sustaining the demurrer.

The plaintiff in this action takes the position that the action at common law may be prosecuted, and that she is not precluded therefrom by reason of the Workmen's Compensation Act, because, as she says, it does not cover her for the reasons: (1) That at the time of her injury she was not engaged in, on or about the premises

where her services were performed, nor was she, at the time of her injury, at a place where her services required her presence as a part of that service as an employe. Section 66 J, chapter 82, p. 126, Laws 1921. (2) That the language "including minors who are legally permitted to work under the laws of the state" (Laws 1921, c. 82, § 66, subd. 2 [page 126]), prevents the compensation act from applying to her, as she claims, because she, as a minor, was not "permitted to work" in or about an elevator that was operated without being equipped as provided by law.

1. Did this injury arise out of and in the course of the employment of the minor?

We have heretofore declined to attempt to give a comprehensive definition of this language which should include all cases embraced therein and with precision exclude those outside of its terms. We shall not attempt to do so now. It is sufficient to say that each case that comes to us must stand on its own facts. There are, however, some general characteristics that must exist.

The injury is received "in the course of" the employment when it comes while the employe is doing his work. It may be received "in the course of the employment" and still have no causal connection with it. State ex rel. v. District Court, 129 Minn. 176, 151 N. W. 912. "In the course of" refers to the time, place and circumstances under which the accident takes place. It may be "in the course of the employment" and yet the employe may be standing still and not physically moving in his work. Kaletha v. Hall Mercantile Co. 157 Minn. 290, 196 N. W. 261. He is still included when he does those reasonable things which his contact with his employment expressly or impliedly permits him to do. It "arises out of" the employment when it reasonably appears from all the facts and circumstances, that there is a causal connection between the conditions which the employer puts about the employe and the resulting injury. If the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. It excludes an injury which cannot fairly be

traced to the employment as a contributing proximate cause and which comes from a hazard to which the employe would have been equally exposed apart from the employment. The moving cause of danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business of the employer and not independent of the relation of employment. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence. Good illustrations are found in State ex rel. Anseth v. District Court, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957; Mahowald v. Thompson-Starrett Co. 134 Minn. 113, 153 N. W. 913, 159 N. W. 965; Kaletha v. Hall Mercantile Co. 157 Minn. 290, 196 N. W. 261; State ex rel. McCarthy Bros. Co. v. District Court, 141 Minn. 61, 169 N. W. 274.

These general observations are supported by authority. Coronado Beach Co. v. Pillsbury, 172 Cal. 682, 158 Pac. 212, L. R. A. 1916F, 1164; McNicol's Case, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; Kimbol v. Industrial Acc. Com. 173 Cal. 351, 160 Pac. 150, L. R. A. 1917B, 595, Ann. Cas. 1917E, 312; Larke v. John Hancock Mut. Life Ins. Co. 90 Conn. 303, 97 Atl. 320, L. R. A. 1916E, 584; Jacquemin v. Turner & Seymour Mnfg. Co. 92 Conn. 382, 103 Atl. 115, L. R. A. 1918E, 496; Mueller Const. Co. v. Industrial Board, 283 Ill. 148, 118 N. E. 1028, L. R. A. 1918F, 891, Ann. Cas. 1918E, 808; Milliken's Case, 216 Mass. 293, 103 N. E. 898, L. R. A. 1916A, 337; Tarpper v. Weston-Mott Co. 200 Mich. 275, 166 N. W. 857, L. R. A. 1918E, 507; Hulley v. Moosbrugger, 88 N. J. Law, 161, 95 Atl. 1007, L. R. A. 1916C, 1203; State ex rel. Miller v. District Court, 138 Minn. 326, 164 N. W. 1012, L. R. A. 1918F, 881.

Where the employe enters the premises of the employer on her way to her work and pursues the proper course to the place of her labor, while there in the performance of her duties as an employe, and until she has left the premises by the ordinary means of exit, she is engaged in the ordinary pursuit of her employment, and is entitled to the protection and is subject to the limitations of the compensation act. There are numerous cases which illustrate the

principle that the sphere of employment exists and affords its shield to the employe while within the premises of the employer on the way to or on the return from the actual performance of the specific duties of the employment. Donovan's Case, 217 Mass. 76, 104 N. E. 431, Ann. Cas. 1915C, 778, 4 N. C. C. A. 549; Gardiner v. State of California [Indus. Com.] 4 N. C. C. A. 859 note; Rayner v. Sligh Furn. Co. 180 Mich. 168, 146 N. W. 665, L. R. A. 1916A, 22, Ann. Cas. 1916A, 386; Terlecki v. Strauss, 85 N. J. Law 454, 89 Atl. 1023, affirmed 86 N. J. Law, 708, 92 Atl. 1087; Sundine's Case, 218 Mass. 1, 105 N. E. 433, L. R. A. 1916A, 318; City of Milwaukee v. Althoff, 156 Wis. 68, 145 N. W. 238, L. R. A. 1916A, 327; John O'Brien's Case, 228 Mass. 380, 117 N. E. 619; Hoffman v. Knisely Bros. 199 Ill. App. 530; Boyle v. Columbian Fire Proofing Co. 182 Mass. 93, 64 N. E. 726; Olsen v. Andrews, 168 Mass. 261, 47 N. E. 90; Wabash Ry. Co. v. Industrial Commission, 294 Ill. 119, 128 N. E. 290; White v. E. T. Slattery Co. 236 Mass. 28, 127 N. E. 597.

In the instant case the employe was on the premises of the employer and in its elevator which was her only means of getting to and from the eighth floor where she worked. She was on the premises of her employer and the elevator was furnished to provide her a means of conveyance from one part of the building to another. Under such circumstances, she should be regarded as an employe, even at common law, and not as a passenger. McDonough v. Lanpher, 55 Minn. 501, 57 N. W. 152, 43 Am. St. 541; Walsh v. Cullen, 235 Ill. 91, 85 N. E. 223, 18 L. R. A. (N. S.) 911; Kappes v. Brown Shoe Co. 116 Mo. App. 154, 90 S. W. 1158; McDonald v. Simpson-Crawford Co. 114 App. Div. 859, 100 N. Y. Supp. 269; Putnam v. Pacific Monthly Co. 68 Ore. 36, 130 Pac. 986, 45 L. R. A. (N. S.) 338, L. R. A. 1915F, 782, Ann. Cas. 1915C, 256.

The injuries involved arose in the course of the employment and while the employe was being transported on the premises of the employer; the employment was the proximate cause of it. Larke v. John Hancock Mut. Life Ins. Co. 90 Conn. 303, 97 Atl. 320, L. R. A. 1916E, 584; Procaccino v. E. Horton & Sons, 95 Conn. 408, 111 Atl. 594. In fact the employer required her to use this elevator, and hence its use became an incident of her employment, and,

if so, an injury occurring to her while using the elevator arose out of and in the course of her employment.

Directing attention to our own statute we find that subdivision 2 (j), section 66, chapter 82 [page 126], Laws 1921, reads:

"Without otherwise affecting either the meaning or interpretation of the abridged clause, 'personal injuries arising out of and in the course of employment,' it is hereby declared: Not to cover workmen except [1] while engaged in, on, or about the premises where their services are being performed, or [2] where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen" * * *

In the instant case the employe was not only in, on and about the premises where her services were performed, but she was also at a place where she was required to be by her employment, and she is therefore included in the statute. Nesbitt v. Twin City Forge & F. Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165.

Where the work and the conditions of the place where the employe is required to be as an incident to the employment, expose the employe to the happening of an event causing an accident, the accident arises out of the employment. State ex rel. P. C. & I. Co. v. District Court, 129 Minn. 502, 153 N. W. 119, L. R. A. 1916A, 344; State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918; State ex rel. L. & L. I. Co. v. District Court, 141 Minn. 348, 170 N. W. 218; Hansen v. N. W. Fuel Co. 144 Minn. 105, 174 N. W. 726.

In the case of State ex rel. Green v. District Court, 145 Minn. 96, 176 N. W. 155, the deceased was in the employ of the defendant who at the time was the owner and operator of a hotel. The deceased's duties were to attend to the furnace or the heating plant of the building which was located in the basement. The basement was reached by means of a stairway leading from an alley in the rear of the premises. On the date in question at about one o'clock in the afternoon, the deceased in going to his work, in some way tripped and fell down the stairway receiving injuries which caused his death. It was contended that deceased was not in the course

of his employment at the time of the accident. The court held that he was, and [at page 98] said:

"He was rightfully upon the premises and on the way to the place of the performance of his work. Of this the record presents no question. We therefore hold, without further comment, that decedent was in relator's employ at the time of the accident and in the course of his employment within the meaning of the statute, and come directly to the question whether the trial court was right in the conclusion that the intoxication of decedent was neither the natural nor the proximate cause of his injury and death."

In Lienau v. N. W. Tel. Exch. Co. 151 Minn. 258, 186 N. W. 945, an employe who worked on the eighth floor of a building, at the close of the work for the day entered the elevator at the eighth floor to descend and leave the building, and while it was descending, she was hurt and it was held that the compensation act applied.

This last case is very similar to the one now before us. In that case the employe was leaving her work, but was still on the premises. In this case the employe had not yet begun her work but was on the premises for the purpose. The relation of master and servant applies while the employe is on the premises at all times reasonable to the time of coming or going. It is the duty of the employer to furnish on its own premises safe ingress and egress to and from that portion of the premises where the employe is required to work. While the employe is on the premises at reasonable times coming in or going out, the relation of employer and employe exists with its reciprocal duties and responsibilities.

We conclude that the employe at the time of her injury was "in, on and about the premises" and comes within our compensation act.

Appellant suggests that, because the employe was at the place where she received her injuries at 7:40 a. m. and she was not to begin work until 8 o'clock a. m., she had not yet assumed her duties, and that the relation of master and servant had not begun, and that "the hours of service" had not arrived. We cannot so hold. This employe reached the premises 20 minutes ahead of time to

begin work. This was in the winter time. We do not know how far she had to travel and contend with winter traffic and her promptness is more to her credit than being one minute late. We hold that, upon reaching the premises of the employer 20 minutes before 8 o'clock, she was there within a reasonable time, in that season of the year, and that, upon her arrival upon the premises within such reasonable time, she immediately became subject to and was entitled to the benefits of the compensation act and that she was in the elevator at the time of her injury "during the hours of service."

·2. Section 3862, G. S. 1913, provides for guarding machinery. Ordinance 5580 of the city of St. Paul is pleaded in the complaint and it requires the enclosure and guarding of passenger elevators, and this elevator was not guarded or inclosed as provided by this ordinance. Section 3848 and section 3871 prohibit the employment of minors under 16 years of age in certain occupations and lines of industry and these two sections are known as our Child Labor Laws.

It is the claim of the plaintiff that defendant, in violation of law, operated this elevator in its unguarded condition. It is claimed that this illegality removes the application of the compensation act—that the act becomes immediately inoperative—and hence permits the common law action to recover for injuries received from the illegal operation of the elevator. Plaintiff seeks to have us hold that, while this minor was in this elevator which was unlawfully operated, she was engaged in an employment prohibited by law within the scope of that part of the compensation act which eliminates from its operation certain minors by saying that the act includes "minors who are legally permitted to work under the law of the state." We cannot accede to the solicitation of the plaintiff, but are of the opinion that the legislature intended to exclude from the act minors whose employment is prohibited by law; i. e. the Child Labor Laws. They are disqualified from the operation of the act by age. If they are employed in violation of the Child Labor Laws, the compensation act does not apply, and we construe the statute and the prior decisions of this court in

reference to this specific limitation as meaning those minors who are covered by the provisions of the statute prohibiting the employment of minors under 16 years of age in the work specified in the prohibiting statute. Westerlund v. Kettle River Co. 137 Minn. 24, 162 N. W. 680; Pettee v. Noyes, 133 Minn. 109, 157 N. W. 995; Gutmann v. Anderson, 142 Minn. 141, 171 N. W. 303; Navaracel v. Cudahy Packing Co. 109 Neb. 506, 191 N. W. 659; Kruczkowski v. Polonia Publishing Co. 203 Mich. 211, 168 N. W. 932; Lopez v. King Bridge Co. 108 Oh. St. 1, 140 N. E. 322; Lincoln v. National Tube Co. 268 Pa. 504, 112 Atl. 73.

We are of the opinion that the employe in this case, being over 16 years of age, was "legally permitted" to be employed, and that she is in this case confined for her relief to the provision of the compensation act as her sole and only recourse for her unfortunate injuries.

Finally, on the oral argument, public policy was invoked in behalf of plaintiff. It is claimed that this minor under the compensation act will receive but $1,600 for her severe and unusual injuries. The inadequacy is obvious. We recognize the harsh result in this case, but it is our duty only to construe law.

The legislatures of some of the states have provided some help in cases of this character and imposed upon the employer, where the injury is caused by the failure of the employer to comply with any statute of the state, an increase in the amount of compensation. Wisconsin Statutes 1923, §§ 102.09 (h), 102.09 (i), § 102.03 to 102.34; 3 Remington, Compiled Statutes Washington, 1922, §§ 7683. In Wisconsin the penalty in increase must be paid by the employer and not by an insurance company. Wisc. St. 1923, § 102.09 (8).

Order sustaining demurrer is affirmed.