**Kenneth V. THAKE, Relator,**

v.

**BACKHAULS, INCORPORATED and Aetna Life & Casualty, Respondent.**

**No. C7–83–396.**

Supreme Court of Minnesota.

March 16, 1984.

---

Gary E. Stoneking, Hvass, Weisman, & King, Minneapolis, for relator.

Peter J. Pustorino, Minneapolis, for respondent.

SIMONETT, Justice.

An employee seeks review of a split decision of the Workers' Compensation Court of Appeals denying his claim for compensation on the grounds that the employee's intoxication was the proximate cause of his injuries. We affirm.

The known facts are not in serious dispute. Employee Kenneth V. Thake was employed as a dispatcher by respondent Backhauls, Incorporated. He worked at the Backhauls building on the east side of Concord Boulevard in St. Paul. On December 19, 1980, during the noon hour, the employee went with Merlin Clausen, the general manager and part owner of the business, in Clausen's car, to Duke's Bar, also located on Concord Avenue, but on the west side about 3 blocks south of the Backhauls premises. According to Clausen, they went to Duke's at his request to discuss business, this apparently being an almost weekly routine. The two men "talked business" at Duke's until 5 p.m., when other patrons began coming into the bar. Clausen did not see Thake in the bar thereafter and assumed the employee had left to return to the Backhauls parking lot, where Thake had left his truck.

Clausen says he and Thake each consumed about 18 bottles of strong beer during the course of the afternoon. Clausen said he could not give an opinion on whether Thake became intoxicated, but he was of the opinion that the drinking did not interfere with their discussion of business. Another bar patron, who had also been in Duke's since noon, saw Thake leave sometime after 5 p.m. and testified, on the basis of a brief exchange of conversation, that Thake's speech and walk were then normal.

About 5:50 p.m., a car driven by Laurence Machacek, proceeding north on Concord, struck the employee. Donald MacDonald, a state highway patrol officer, arrived on the scene at 5:55 p.m. and found Thake lying adjacent to the east curb of Concord in front of Backhauls' parking lot. The employee suffered permanent brain damage and is unable to say how the accident happened or to describe the events of the afternoon.

The weather was dry, the night was dark, and the accident occurred in the middle of a long block, so street lights were at least 100 feet away on either side of the point of impact. The employee was wearing dark clothing. The car driver, Machacek, testified that traffic was fairly heavy, that he had his lights on, and that he was looking ahead when in a split second he saw part of a hand on the right side of his windshield and then heard a thump by the right front side of the car. Machacek immediately braked to a stop, his car laying down straight-line skid marks for 44 feet. Officer MacDonald estimated that Machacek's speed had been 32 to 33 miles per hour in a 35 m.p.h. zone. Photographs of the automobile showed damage to the right corner of the windshield and also showed that dust above the right wheel well, on the right hood, and on the chrome post at the right side of the windshield had been largely removed by a rubbing action. Machacek was on his way home at the time after having had one drink at a nearby bar. A test taken with a portable breath tester showed the car driver's blood alcohol concentration to be between .00 and .05.

Officer MacDonald expressed the opinion, based on the rubbing marks on the right side of the automobile and where Thake's body had come to rest, that the employee had been walking from east to west, away from the Backhauls parking lot, when the accident occurred. The officer conceded it was possible that the converse could have been true, that the employee had been crossing the street west to east. He also said that if a pedestrian had been walking north on the road between the driving and parking lanes on the east side of Concord, he would have been within the zone of the driver's lights before the automobile reached him.

A sample of the employee's blood was taken at 6:57 p.m. and showed a plasma concentration of .29. Lowell Von Berkon, a forensic toxicologist for the Minnesota Bureau of Criminal Apprehension, converted this to a .26 blood alcohol concentration, and said that assuming Thake had stopped drinking beer as early as 5 p.m. the concentration of alcohol in his blood by 5:50 would have been .27 or .28. Von Berkon testified that a .05 concentration of alcohol will affect sharpness of vision; that greater concentrations cause progressively more serious impairment; and that a concentration of .20 or more will cause blurred and often double vision, impair depth perception and peripheral vision, and impair the ability of the pupils to contract rapidly. He also said that an alcohol concentration of .20 impairs muscular coordination and function and impairs reason and judgment. While conceding that it was possible that the employee had a higher than average tolerance for alcohol, Von Berkon said that in his observations and studies he had never seen a person with a blood alcohol concentration of .20 or more who did not demonstrate significant impairment. Asked to assume that the employee had walked from the east curb into Machacek's automobile, Von Berkon said that such an act would be consistent with unawareness of danger and also that employee's impairment was great enough to include disorientation or confusion.

The Workers' Compensation Court of Appeals found that the employee's injury arose out of and in the course of employment but also found, Judge Wallraff dissenting, that intoxication was *the* proximate cause of the injury. Consequently, pursuant to Minn.Stat. § 176.021, subd. 1 (1982), compensation was denied. Although the employer disputes the first finding, the only issue we need reach here is whether the finding that intoxication was the cause of the injury is sustained by the evidence.

Here we have no direct evidence as to what the employee was doing and why he was where he was at the time of the accident. The evidence is largely circumstantial and dependent on inferences to be drawn from the known facts. While the burden of proof is on the employer to prove the intoxication defense, that burden may, of course, be met by any competent evidence, whether direct or circumstantial. As we stated in *Fogarty v. Martin Hotel Co.*, 257 Minn. 398, 403–04, 101 N.W.2d 601, 605 (1960):

> Where the evidence, whether direct or circumstantial, is such that it reasonably supports the [Court of Appeals'] findings, applicable rules require us to sustain it.

> Where reasonable minds might reach different conclusions based upon inferences which may reasonably be drawn from the evidence, the determination of the factfinder is conclusive.

> Where circumstantial evidence reasonably permits different inferences, the choice of the inference to be drawn rests with the factfinder. In *Burke v. B.F. Nelson Mfg. Co.*, 219 Minn. 381, 388, 18 N.W.2d 121, 124, we said:

> "Where, upon circumstantial evidence in civil cases, there is a reasonable basis for diverse inferences, the choice of an inference made by the fact-finding body is to be sustained, unless (1) the conflicting inferences stand in equilibrium so that reasonable minds cannot prefer one over another, or unless (2) the choice of inference is otherwise based on mere conjecture and speculation, or unless (3) the inference adopted is manifestly and undeniably contrary to the weight of the evidence as a whole. Clearly, it is not necessary that the evidence in support of the inference adopted must outweigh other reasonable inferences so as to demonstrate their impossibility."

Applied here, these principles require affirmance.

The known facts are susceptible to different inferences. Thus Judge Wallraff, dissenting, inferred that Thake was crossing Concord Avenue from west to east, *i.e.*, he was returning to the employer's parking lot, and, because the car driver failed to see him, was struck by the front of the car, hurled onto its hood, and bounced from there to the ground. On the other hand, the other judges of the Workers' Compensation Court of Appeals concluded that Thake was on the east side of Concord and walked west into the passenger side of the moving automobile. This inference is sustainable, as it has substantial support in the evidence. The inference that the employee walked into the side of the moving car is consistent with Von Berkon's testimony on the disorienting effect of a .24 to .28 blood alcohol concentration. The inference that the employee was walking away from the parking lot and walked into the right side of the car may be drawn from the facts that the car driver, although watching the road ahead of him, did not see anyone; that the driver's car did not swerve but came to a straight-line stop; that the driver saw the employee's hand by the right lower corner of the windshield, followed by a thump on the right front of the car; and by the evidence of physical markings on the passenger side of the car and the employee coming to rest by the east curb of Concord. If one disbelieves Machacek's testimony as to what he saw and did not see (which the trier of fact is not required to do), the remaining known facts could yield an inference perhaps that the employee was crossing the street from west to east in front of the car; but that inference is not compelling nor does it seem as convincing as the contrary inference drawn by the majority of the court of appeals. And if Machacek is believed, the inference that the employee walked into the side of the car is even stronger.

Intoxication must be shown to be the proximate cause of the injury not just a contributory cause. In *Olson v. Felix*, 275 Minn. 335, 146 N.W.2d 866 (1966), a road grader operator was found fatally injured, with a .30 blood alcohol reading, by his still moving road grader. We affirmed a finding that intoxication was not the proximate

cause of the accident, although noting that the Commission "might well have found otherwise." *Id.*, 275 Minn. at 340, 146 N.W.2d at 869. In *Manthey v. Charles E. Bernick, Inc.*, 306 N.W.2d 544 (Minn.1981), a truck driver with a blood alcohol reading of .16 lost control of his truck and was fatally injured when it left the road. Again we affirmed a finding that intoxication was not the only proximate cause of the injury, but again we noted that causation here "was a question of fact on which reasonable minds could differ." *Id.*, 306 N.W.2d at 547. In *Fogarty v. Martin Hotel Co.*, 257 Minn. 398, 101 N.W.2d 601 (1960), a hotel bellhop with a blood alcohol reading of .28 was found fatally injured at the bottom of a hotel stairway, and we affirmed a finding that intoxication was *the* proximate cause of the injury. These cases illustrate, we think, that generally the intoxication defense raises a fact issue and that we do not disturb findings of fact, whether for or against proximate cause, when reasonably supported by the evidence.

The compensation court apparently took Clausen at his word when he said he and Thake talked business all afternoon at Duke's, and found that the accident happened within the time and space parameters of Thake's employment; the court also concluded, however, the intoxication was "the only reasonable explanation" for Thake's behavior. Unlike *Olson* and *Manthey*, here the employee was engaged in no direct work activity at the time of his accident. And while the employee was directed to accompany his boss to the tavern to discuss business, we are unable to characterize the employee's drinking 18 bottles of beer and subsequent intoxication as involuntary.

We hold that the finding of the Workers' Compensation Court of Appeals that intoxication was the proximate cause of the employee's injury is reasonably supported by the evidence.

Affirmed.

YETKA, Justice (dissenting).

I respectfully dissent.

First, it is questionable whether this employee was voluntarily intoxicated. He was, in effect, ordered to accompany his boss to a tavern where the boss kept him all afternoon, buying him drinks and discussing business. (The Workers' Compensation Court of Appeals acknowledged that the employer "required that employees be subjected to the use of alcohol in the performance of their employment tasks.") The law should not be interpreted to apply to the involuntary intoxication of an employee by his employer. This would have the effect of failing to discourage an employer from feeding an employee liquor on the job.

Furthermore, I do not think the court's finding on proximate cause should be affirmed. The compensation judge awarded compensation on the ground that intoxication was not the proximate cause of the injury. The court of appeals reversed on a split decision, finding that the only reasonable conclusion was that intoxication led to the injury. There is no evidence except for blood tests that employee was intoxicated and there is no direct evidence that the intoxication was *the* proximate cause of the injury. There could have been a number of causes of the injury, which we will not know because of the lapse of the memory of the injured party due to his injury.

It seems to me that the employer should have the burden of coming forward with evidence to prove that intoxication was the sole proximate cause. In this case, the burden was not sustained. The employer only proved intoxication—proximate cause was presumed on the basis of this fact. I do not think it is consistent with the purpose or the language of the statute for the employer to carry his burden of proof on this issue by such a "presumption" of proximate cause.

Accordingly, I would reverse the court of appeals and reinstate the finding of the compensation judge.

TODD, Justice (dissenting).

I join the dissent of Justice Yetka.

WAHL, Justice (dissenting).

I join the dissent of Justice Yetka.