Ann THEORIN, Relator,

v.

DITEC CORPORATION and Iowa
National Mutual Insurance
Company, Respondents,

and

Guardian Life Insurance Company of
America, Intervenor.

No. C9–85–1019.

Supreme Court of Minnesota.

Nov. 22, 1985.

Gabriel D. Giancola, Minneapolis, for relator.

Mark N. Stageberg, Kay Nord Hunt, Minneapolis, Richard S. Baker, Minneapolis, for intervenor.

AMDAHL, Chief Justice.

This is a writ of certiorari from a decision of the Workers' Compensation Court of Appeals (WCCA). The WCCA affirmed the decision of the compensation judge that denied employee-relator Ann Theorin compensation benefits. The WCCA upheld the compensation judge's ruling that employee was barred from receiving compensation under Minn.Stat. § 176.021, subd. 1 (1984), because she was intoxicated at the time of her injury and because her intoxication was the proximate cause of her injuries. The WCCA also rejected employee's claim that the intoxication defense under section 176.-021, subd. 1, cannot be asserted by an employer if he knew of or acquiesced in the intoxication. We affirm the decision of the WCCA.

Employee was injured while working for Ditec Corporation as a packager of decorative tape. On the day before the accident, employee attended a party given by the Ditec management for another employee. Approximately one case of champagne was served at the party and employee became intoxicated. She was driven home from the party by one of the officers of the company.

Employee came to work the day of the accident feeling "hung over." There is conflicting testimony concerning whether employee was drinking that morning. Several coemployees testified that they saw employee drinking beer; others testified that she did not drink anything. Employee denies drinking anything that morning. Employee does admit, however, that she had 2–3 beers at lunch. There was also conflicting testimony concerning whether employee drank anything that afternoon. Employee again denies drinking during the afternoon.

During her afternoon break, employee was sitting or lying on a shearing machine. While she was on the machine, a clamp came down onto her right leg, severely injuring it. It was not part of employee's job to be sitting or lying on the machine.

Several police officers were called to the scene, along with an ambulance, and employee was taken to the emergency room. Two blood samples taken at the hospital indicated that employee's blood alcohol level at that time was between .267% and .300%.

1. Employee first challenges the holding of the WCCA that there is sufficient evidence in the record to uphold the compensation judge's finding that employee was intoxicated at the time of her injury. Under Minn.Stat. § 176.021, subd. 1 (1984), an employer can raise an employee's intoxication as a bar to a claim for workers' compensation benefits. In order for this defense to be established, it must be shown that: (1) the employee was intoxicated at the time of his or her injury, and (2) that the intoxication was the proximate cause of the employee's injuries. The employer has the burden of proving these elements.

When the WCCA reviews the decision of a compensation judge, its standard of review is whether the compensation judge's findings and order are unsupported by substantial evidence in view of the entire record as submitted. Minn.Stat. § 176.421, subd. 1 (1984); *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54, 59 (Minn.1984). The findings are to be affirmed if, in the context of the record as a whole, they are supported by evidence that a reasonable mind might accept as adequate. 358 N.W.2d at 59. The WCCA must not substitute its view of the evidence for that of the

compensation judge, but must only determine if the findings are supported by evidence a reasonable mind might accept. Where the evidence is conflicting, the findings of the compensation judge are to be upheld. *Id.* at 59–60. Based on this standard, the WCCA's decision affirming the compensation judge must be upheld.

■ There was sufficient evidence to support the compensation judge's finding that employee was intoxicated at the time of her injury. Employee was admittedly intoxicated the night before the accident, was "hung over" the day of the accident, and had 2–3 beers during lunch that day. While testimony is conflicting concerning employee's physical condition and other drinking that day, several coemployees testified that employee was intoxicated. Buick Erfanian, who worked closely with employee, testified that employee was intoxicated at the time of the accident. Another coworker, Dana Lee Wyttenbach, testified that he witnessed employee drinking beer in her car during the morning break. Wyttenbach also testified that employee had attempted to drive a forklift that afternoon, but drove erratically. Several New Hope police officers testified that they smelled alcohol on employee's breath immediately after the accident, that employee's speech was slurred, and that employee was very belligerent toward them. Finally, the blood tests taken a short time after the accident showed blood alcohol levels of .267% and .300%. Based on these tests, the employer's expert witness, Dr. Siret Ener, testified that employee was intoxicated at the time of the accident and that employee must have drunk eight beers on the day of the accident to maintain a .267% alcohol level. Employee submitted no evidence to rebut this testimony.

The compensation judge based his finding of intoxication on the testimony of the police officers, Erfanian, and Wyttenbach; the blood alcohol samples taken immediately after the injury; and the toxicologist's testimony. While there is other evidence that arguably could support a finding that employee was not intoxicated, the compensation judge's findings are clearly supported by evidence a reasonable mind might accept as adequate. The decision of the WCCA affirming the finding of the compensation judge that employee was intoxicated at the time of her injury must therefore be upheld.

■ There is also sufficient evidence to support the finding that employee's intoxication was the proximate cause of her injuries. While intoxication must be the proximate, as distinguished from the contributory, cause of an injury, *Manthey v. Charles E. Bernick, Inc.*, 306 N.W.2d 544, 545 (Minn.1981), the intoxication need not be the sole cause of the injury, only a substantial cause. *Meils by Meils v. Northwestern Bell Telephone Co.*, 355 N.W.2d 710, 715 (Minn.1984). Admittedly, no one witnessed employee's accident, but considerable evidence supports the finding. First, the record shows that the clamp on the shearing machine which injured employee could only be operated in one of two ways—by pushing a set of two buttons on the machine simultaneously or by depressing a foot pedal on the bottom of the machine—and the machine had never malfunctioned in such a way that the clamp had come down without using one of these methods. Second, employee had been sitting or lying on the bed of the machine, below the clamp, at the time of the injury and had been observed to be "playfully" turning the machine on and off just prior to the accident. The "on" and "off" switches are located near one of the sets of buttons that operate the clamp. Third, a video tape demonstrating how the machine worked and how employee could have been sitting on it was placed in evidence. The compensation judge also went to Ditec's plant to observe the machine's operation firsthand. As the compensation judge also noted, employee never advanced an alternative cause for the clamp lowering onto her leg.

■ From this evidence, the compensation judge could have reasonably found that employee's intoxication was the proximate cause of her injuries. The employee's position on the machine, her physical condi-

tion, and the mechanics of the machine make it reasonable to assume that she somehow activated the clamp herself. While this evidence is circumstantial, it reasonably supports the compensation judge's findings. *Thake v. Backhauls, Inc.,* 345 N.W.2d 745 (Minn.1984); *Fogarty v. Martin Hotel Co.,* 257 Minn. 398, 101 N.W.2d 601 (1960). Even if contrary inferences could have been drawn, the inferences drawn by the compensation judge and affirmed by the WCCA were permissible and must therefore be upheld. *Thake,* 345 N.W.2d 745; *Manthey,* 306 N.W.2d 544; *Olson v. Felix,* 275 Minn. 335, 146 N.W.2d 866 (1966); *Fogarty,* 257 Minn. at 403–04, 101 N.W.2d at 605.

■■■ 2. As an alternative argument, employee contends that the statutory defense of intoxication must be construed to include a consideration of the actions of the employer when deciding whether intoxication was the proximate cause of the injury.[1] Employee argues that this court should adopt an estoppel-type analysis when an employer acquiesces in the drinking of the employee. While this court has adopted an estoppel analysis in other cases dealing with the Workers' Compensation Act, *see Neuberger v. Hennepin County Workhouse,* 340 N.W.2d 330 (Minn.1983) (employer estopped from asserting statute of limitations by its representation to employee that he would receive equivalent benefits under a group disability policy); *Kahn v. State,* 289 N.W.2d 737 (Minn.1980) (employer estopped from raising delay in filing of formal notice to bar employee's

claim where delay was induced by employer's agent), it has yet to consider the issue under section 176.021, subd. 1.[2] In this case, however, we need not decide the issue because even if an employer could be estopped from asserting the intoxication defense in section 176.021, subd. 1, by his own acquiescence in the employee's intoxication, the record here establishes that the employer did not acquiesce in or even know of employee's intoxication at the time of the accident. It was not until after employee was injured that the employer became aware that other coemployees knew that employee was intoxicated. An employer cannot acquiesce in facts of which it had no knowledge. Even though one of Ditec's officers, Michael Rudnick, had seen employee drinking during lunch, this is not enough to show that the employer "acquiesced" in employee's intoxication. An employee's lunch hour was considered his or her own time. In addition, the employer had an established policy against drinking while on the job which was known to the employees.

■■■ Finally, employee argues that "intoxication" under section 176.021, subd. 1, applies only to voluntary intoxication, and that she was not voluntarily intoxicated in this case. Employee bases this claim on the fact that she originally became intoxicated at a party that was sponsored by Ditec. She asserts that because the company sponsored the party, she was not voluntarily intoxicated. This argument is without merit. No one forced employee to drink on the night of the party. Other

---

**1.** Employee also argues that it is unconstitutional under Minn.Stat. § 176.021, subd. 1 (1984), to consider the fault of the employee without also considering the fault of the employer. However, because employee failed to inform the attorney general of her constitutional claim, as required by Minn.R.Civ.App.P. 144, this issue is not properly before this court. *Automobile Merchandise, Inc. v. Smith,* 297 Minn. 475, 212 N.W.2d 678 (1973). In any event, we have previously rejected a fault-based concept when dealing with this statute. *Fogarty v. Martin Hotel Co.,* 257 Minn. 398, 403, 101 N.W.2d 601, 605 (1960) ("In cases of this kind we are dealing with the cause of the injury as distinguished from the question of whether either employer

or employee was at fault in the technical sense").

**2.** Other jurisdictions have considered the question of whether an employer can be estopped from asserting an intoxication defense if it acquiesces in the employee's intoxication. Several jurisdictions have held acquiescence enough to estop the employer. *See e.g., McCarty v. Workmen's Compensation Appeals Bd.,* 12 Cal.3d 677, 117 Cal.Rptr. 65, 527 P.2d 617 (1974); *West Florida Distribs. v. Laramie,* 438 So.2d 133 (Fla. Dist.Ct.App.1983). Others have declined to do so. *See, e.g., Hopper v. F.W. Corridori Roofing Co.,* 305 A.2d 309 (Del.1973).

employees testified that they had attended the party, but had not had anything to drink. In addition, employee not only drank the alcohol provided by her employer, but also left the party with several other employees to purchase more alcohol. Finally, even if employee was "forced" to drink at the party, no one forced her to drink on the day of the accident.

There is sufficient evidence in the record to support the compensation judge's findings that employee was intoxicated at the time of her injury and that intoxication was the proximate cause of her injury. The WCCA's decision affirming the compensation judge's ruling must therefore be upheld.

Affirmed.

PETERSON, J., took no part in the consideration or decision of this case.