BACKHAULS, INC., et al., Appellants,

v.

Kenneth V. THAKE, et al., Illinois Farmers Insurance Co., a.k.a Illinois Farmers Insurance Group, Respondents.

No. C7-86-753.

Court of Appeals of Minnesota.

Sept. 30, 1986.

Review Denied Nov. 19, 1986.

---

Carol A. Kubic, Peter J. Pustorino, Pustorino, Pederson, Tilton & Parrington, James R. Gray, Minneapolis, for Backhauls, Inc., et al.

Gary Stoneking, Hvass, Weisman & King, Chtd., Minneapolis, for Kenneth V. Thake, et al.

J. Mark Catron, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for Illinois Farmers Ins. Co.

Heard, considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

Worker's compensation benefits paid by appellant/employer Backhauls, Inc. and its worker's compensation insurer appellant Aetna Life and Casualty Co. were discontinued after it was determined that the employee was intoxicated at the time of the accident and that his intoxication was the proximate cause of his injuries. Appellants moved for summary judgment against the employee and his no-fault carrier, Illinois Farmers Insurance Company, for reimbursement of monies paid under mistake of law or fact. Respondents cross-moved to dismiss appellants' claim. The trial court granted summary judgment in favor of respondents, based on statutory preclusion of appellants' asserted right to subrogation. We affirm.

## FACTS

Kenneth Thake was seriously injured on December 19, 1980, when he was struck by a car while walking along the side of the

road in front of Backhauls, Inc., his employer's business. Prior to the accident, Thake had been attending a business meeting at a nearby bar and grill with Merlin Clausen, Backhauls, Inc.'s general manager. The injury occurred as Thake walked back to his truck, located in Backhauls' parking lot. As a result of the accident, Thake suffers permanent brain damage. Thake's medical expenses and lost wages are ongoing.

Because he had been in the scope and course of his employment when the accident causing his injury occurred, Thake brought a worker's compensation claim against his employer. The Backhauls' worker's compensation insurer, Aetna Life and Casualty Company ("Aetna"), paid Thake $136,946.91 in medical expenses and $28,391.13 in wage loss benefits. After investigation, however, Aetna petitioned to discontinue benefits, believing Thake's intoxication to be the proximate cause of the accident. The worker's compensation judge denied the petition, but the Workers' Compensation Court of Appeals reversed, finding Thake's intoxication was the proximate cause of injuries for which he sought compensation. The Minnesota Supreme Court affirmed the discontinuance of benefits in *Thake v. Backhauls, Inc.*, 345 N.W.2d 745 (Minn.1984).

At the time of his injury, Thake was insured by three policies of insurance written by respondent Illinois Farmers Insurance Group ("Farmers") on his family automobiles, each providing for $20,000 in medical benefits and $10,000 in wage loss benefits. Thake received worker's compensation in the months following the accident until the Workers' Compensation Court of Appeals decision. No claim was made by Thake for either medical expenses or wage loss under his Farmers policies until the worker's compensation benefits were discontinued. At the time of the discontinuance, Aetna had paid a total of $165,-338.04 in worker's compensation benefits to Thake and his medical care providers.

Appellants Backhauls and Aetna moved for summary judgment against respon-

dents Thake and Illinois Farmers Insurance on its claim for reimbursement of monies paid under mistake of law or fact. Respondents cross-motioned for summary judgment and dismissal of appellants' claim. The trial court dismissed Aetna's claim, and Aetna now brings this appeal.

## ISSUE

Did the trial court err in determining that a worker's compensation carrier is not entitled to reimbursement from a no-fault carrier for benefits it mistakenly paid to an injured employee?

## ANALYSIS

■ The standard of review, on appeal from summary judgment, is whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. Minn.R.Civ.P., 56.01; *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The facts of this case are concededly undisputed. Respondents assert, and the trial court agreed, that appellants' claim is essentially an indirect right of subrogation. Appellants counter that their claim for reimbursement of economic loss benefits is not founded in subrogation, but rather in equitable relief in the form of restitution. Whether characterized as subrogation or restitution, the worker's compensation carrier is not entitled to reimbursement from the no-fault carrier for payments made to the injured employee by mistake.

■ 1. The right of an employer or worker's compensation carrier to subrogation is specifically limited by Minn.Stat. § 176.061 to third party tortfeasors. Minn. Stat. § 176.061 provides that if an injured employee elects to receive compensation benefits from the employer, the employer is subrogated to the rights of the employee. Minn.Stat. § 176.061, subd. 3, 5 and 6 (1984). This right of subrogation is limited to damages based on tort liability and does not include sums for which a third party is contractually liable. *Janzen v. Land O'Lakes, Inc.*, 278 N.W.2d 67, 69 (Minn. 1979). The Minnesota Supreme Court has

specifically held that a worker's compensation carrier is not entitled to subrogation against proceeds received by the employee in the settlement of his claim pursuant to a policy of uninsured motorist coverage. *Cooper v. Younkin*, 339 N.W.2d 552, 553 (Minn.1983).

■ 2. Appellants base a request for equitable reimbursement on the anti-stacking provisions of Minn.Stat. § 65B.61 (1984). Section 65B.61, subds. (1) and (2) provide that the payment of worker's compensation benefits is primary, and when an employee receives benefits under worker's compensation and no-fault, no-fault benefits must be reduced by the amount of worker's compensation benefits paid. *Metropolitan Transit Commission v. Bachman's*, 311 N.W.2d 852, 854–55 (1981).

The Minnesota Supreme Court has applied this provision to entitle a no-fault carrier to intervene in a worker's compensation case and seek reimbursement for payments made for injuries also compensable under worker's compensation. *Freeman v. Armour Food Co.*, 380 N.W.2d 816, 819–20 (1986).

The *Freeman* case involved an employee who was injured in a car accident while totally disabled from a work related injury. The worker's compensation carrier stopped paying disability benefits to the employee after the car accident, at which time the no-fault carrier began paying no-fault benefits. When the no-fault benefits were exhausted, the employee petitioned for worker's compensation benefits. The supreme court held that the no-fault carrier, which had mistakenly paid insurance benefits not knowing that the worker's compensation coverage was applicable, was entitled to intervene in a compensation proceeding and was entitled to an order for reimbursement out of the compensation award. *Id.*

Appellants analogize this case to *Freeman*, arguing that if a no-fault carrier is entitled to reimbursement from a worker's compensation carrier for payments mistakenly made when worker's compensation benefits should have been paid but were not, then a worker's compensation carrier should be entitled to reimbursement from the no-fault carrier for payments mistakenly made when no-fault benefits should have been paid, but were not. Appellants misconstrue both *Freeman* and § 65B.61. The stacking limits of § 65B.61 do not forbid receipt of compensation through both no-fault and worker's compensation. Rather, § 65B.61 defines worker's compensation benefits as primary and directs a reduction of no-fault benefits by the amount of worker's compensation benefits paid.

It is thus possible for no-fault benefits to be mistakenly overpaid because the carrier doesn't know worker's compensation is also available. In that situation, as in *Freeman*, the no-fault carrier is entitled to reimbursement from the worker's compensation carrier. However, while it is possible for worker's compensation benefits to be paid by mistake, as in this case, overpayment could not be based on nonpayment of no-fault benefits. No-fault benefits are not primary and do not reduce the amount of worker's compensation benefits paid by the carrier. In that situation, as here, the worker's compensation carrier is not entitled to reimbursement from the no-fault carrier.

■ 3. This result is strongly supported by Minn.Stat. § 176.179 (1984) which specifically bars reimbursement for overpayment of worker's compensation benefits. Section 176.179 provides that payments voluntarily made through mistake in fact or law to an injured employee in apparent accordance with the Workers' Compensation Act and received by the employee in good faith shall not be refunded.

The Minnesota Supreme Court has held that this burden on the employer is valid and deemed it an appropriate legislative objective. *Tri-State Insurance of Minnesota v. Bouma*, 306 N.W.2d 564, 566 (Minn.1981). The supreme court stated that this provision applies when the conditions of the statute are met. *Id.* at 565.

In this case appellants freely, voluntarily, and in apparent accord with the workers' compensation statutes paid benefits on

behalf of Thake. Thake accepted those benefits in good faith. All the requirements of the statute having been met, the statute mandates that no reimbursement be allowed.

### DECISION

The trial court did not err in determining that appellants were not entitled to reimbursement from a no-fault carrier for benefits mistakenly paid to an injured employee.

1. The subrogation right of a worker's compensation carrier provided by Minn. Stat. § 176.061 is limited to damages based on tort liability and does not include proceeds received pursuant to a no-fault insurance policy.

2. The anti-stacking provisions of Minn. Stat. § 65B.61 do not entitle a worker's compensation carrier to be reimbursed by the no-fault carrier for benefits mistakenly paid for injuries compensable under no-fault, but uncompensated by the no-fault carrier.

3. Minn.Stat. § 176.179 specifically bars reimbursement to a worker's compensation carrier for payments voluntarily paid through mistake of fact or law to an injured employee in accordance with the Workers' Compensation Act and received by the employee in good faith.

Affirmed.